Pinney.
1p 283
92   423
J92   427

## HILL vs. BLOOMER.

1. WRIT OF ERROR. A writ of error will not lie to reverse an interlocutory judgment; it can be brought only upon a *final* judgment.
2. FINAL JUDGMENT. Where an order had been made quashing a writ of replevin, and the order declared "that the plaintiff take nothing by his writ, and that the defendant recover his costs," and a further order awarded a writ of inquiry, to assess the value of the property replevied and the damages for the detention thereof, but which had not been executed — *held*, that these orders could not be reviewed upon a writ of error, and that they did not amount to a *final* judgment.

ERROR to the District Court for *Dane* County.

The case is stated in the opinion of the court.

*John Catlin* and *J. E. Arnold*, for plaintiff in error.

*F. J. Dunn* and *Moses M. Strong*, for defendant in error.

MILLER, J. In the district court *David Hill* was plaintiff, and *Edward Bloomer* defendant, in an action of replevin. On motion of the defendant, the writ was

quashed, and the court ordered that the plaintiff take nothing by his writ, and that the defendant recover of the plaintiff his costs, and further, on motion of defendant, the court awarded a writ of inquiry to assess the value of the property replevied and the damages for the detention thereof. A writ of inquiry was issued but is not yet executed. To reverse these orders of the district court, a writ of error was sued out, which the defendant has moved this court to quash, for the reason that there is no final judgment or decison of the said district court.

By the organic law of the Territory, writs of error, bills of exceptions, and appeals in chancery causes, shall be allowed in all cases, from the *final* decisions of the district courts to the supreme court, under such regulations as may be prescribed by law. The only question to be determined is, whether there is a final decision, or judgment in this cause in the district court? By section 30 of the act concerning replevin, page 275 of the statutes, if the property specified in the writ has been delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be, that the defendant have return of the goods and chattels replevied, unless he shall elect to waive such return pursuant to any of the provisions contained in said statute. Now, by considering the order quashing the writ, equivalent to a judgment by discontinuance or nonsuit with a judgment that the defendant have return of the goods and chattels replevied, the cause would be finally decided between the parties in the district court; the rights of the parties would be concluded, and the plaintiff would be entitled to his writ of error. But, by the 32d section of the same act, the defendant, whenever he shall be entitled to a return of the property replevied, instead of taking judgment for such return as above provided, may take judgment for the value of the property replevied, in which case such value shall be ascertained by the jury on the trial, or by a writ of inquiry, as the case may require. The defendant elected to take

judgment for the value of the property replevied, and there not having been a jury impaneled in the cause, a writ of inquiry was awarded to assess the same. The plaintiff having received the property into his possession from the sheriff on the writ, the mere order of the court quashing the writ, or awarding a writ of inquiry, does not disturb the possession.

The writ of inquiry must be executed and confirmed, and judgment entered on the same for the amount found by the jury, before the plaintiff can be affected. This may never be done ; and, until it is done, the plaintiff's possession of the property is as perfect as if the writ had not been quashed. It is apparent that this court cannot take cognizance of cases in judgment or proceedings merely interlocutory ; but the decision of the district court must be final, and of which a record can be made, and which shall decide the right of property. *Yates v. People*, 6 Johns. 401. The English practice referred to in the argument is not applicable here. There a man may have a writ of error before all parts of the cause are decided, as on demurrer, or before a writ of inquiry of damages is executed. 1 Rolle's Ab. 751. A writ of error will there lie on a fine and recovery, though the word "judgment," or any thing in the form of the judgment, is not to be found in the proceedings. 1 Rolle's Ab. 747. In New York a writ of error will not lie until a final determination of all the issues joined in the court below, unless from the record itself, it is apparent that the judgment rendered in the court below, disposes of the whole matter. *Pete v. McCrew*, 21 Wend. 667. In Pennsylvania a writ of error lies in all cases, in which a court of record has given a final judgment. *Commonwealth v. The Judges*, 3 Binney, 273. Hence, a writ of error does not lie upon an interlocutory judgment given for the plaintiff upon a demurrer in an action sounding in damages. *Logan v. Jennings*, 4 Watts, 355. Nor does it lie upon a judgment *quod computet*, in account render. *Butler v. Zeigler*, 1 Penn. 135. In the case of *Life and Fire Insurance Com-*

*pany of New York v. Adams*, 9 Pet. 602, Chief Justice MARSHALL remarks: "That the supreme court in the exercise of its ordinary appellate jurisdiction, can take cognizance of no case, until a final judgment or decree shall have been made in the inferior court. Though the merits of the case may have been substantially decided, while any thing though merely formal, remains to be done, this court cannot pass upon the subject. If, from any intermediate stage in the proceedings, an appeal might be taken to the supreme court, the appeal might be repeated to the great oppression of the parties." From the tenor of these decisions in the supreme courts of the United States and in the States of New York and Pennsylvania, we cannot consider the judgment as was the case in the district court of Dane county a final judgment in the cause. The value of the property is to be ascertained by a jury, which is a matter of substance, and much more essential than mere matter of form, as was the case in the supreme court of the United States. And the execution of the writ of inquiry is quite as essential to the final disposition of the cause, as the report of auditors on the judgment of *quod computet* in Pennsylvania. If the district court has erred, or shall hereafter err, in any of the subsequent proceedings yet to be had in the cause, this court will correct the errors, upon a writ of error sued out at the proper time.

This writ of error must be quashed.