# SUPREME COURT

OF THE

## STATE OF WISCONSIN

### AT THE JANUARY TERM, 1849.

2p 79
J 92 426

### BRUNSON et al. v. BURNETT et al.

WRIT OF ERROR — APPEAL.— A writ of error, instead of an appeal, is the proper process for reviewing, in the supreme court, the proceedings of a district court on an appeal from the decision of a probate court.*

(1 *Chand.* 9.)

ERROR to the District Court for *Grant* County.

The proceedings in this case were originally commenced before the judge of probate of Grant county, the matter in controversy being the estate and an alleged nuncupative will of the late *Thomas P. Burnett.* From the decision of the probate judge an appeal was taken to the Grant county district court, the judge of which court (the late Territorial Chief Justice DUNN) affirmed the decision of the probate judge ; and, on this judgment or decree, a writ of error was brought to this court.

*Lakin & Mills,* for the defendants in error, moved to dismiss, on the ground that a writ of error did not lie on a proceeding of this character, the proper process of review being an appeal.

*S. Crawford,* for the plaintiffs in error.

Brunson et al. vs. Burnett et al.

Stow, C. J., delivered an oral opinion denying the motion, remarking, that it was of no moment which proceeding, a writ of error or an appeal, was pursued; that it was one of those cases where it was of more importance that the rule should be settled, than what that rule was; and that, in the absence of authority or precedent, the court felt at liberty to adopt such a course as was deemed most expedient; and that, on the whole, a writ of error was preferable to an appeal.

Motion denied.

* After the organization of the separate supreme court, in 1853, the decision of the circuit court for Dane county, on an appeal from the decision of the county court for that county, admitting to probate the will of Edward Fisher, deceased, came before the supreme court by writ of error. Upon motion, the writ was quashed, the court holding that the proceedings could not be reviewed in that way, but only by *certiorari*. A *certiorari* was accordingly issued, and the case was heard thereon and decided. *In re Edward Fisher*, 4 Wis. 254.

The supreme court thereupon adopted the following rule for reviewing such proceedings. Since the adoption of the provisions of the Code and the appeal act of 1860, such proceedings have been, beyond doubt, reviewable by an appeal; yet this rule of the court has not been, in terms, revoked, and it is probable that the former method of review might still be adopted with safety:

RULE 26 (old rules).

[Adopted December, 1853.]

In all cases appealed to the circuit court from the county court, and coming to this court by writ of *certiorari*, if the party applying for such writ shall execute to the adverse party a bond with sufficient sureties, in such sum as either of the justices of this court, or the clerk thereof, shall direct, conditioned to pay, satisfy and perform the order, decree or judgment of this court therein, in case the said order, judgment or decree of the circuit court shall be affirmed, the order, judgment or decree from which such appeal is taken shall be superseded, and all proceedings on such order, judgment or decree shall be stayed.

RULE 27.

The sufficiency of the sureties in the bond mentioned in the next preceding rule, shall be ascertained in the same manner as provided by section three of chapter one hundred and four of the Revised Statutes (1849).

RULE 28.

The said writ of *certiorari* shall be substantially in the following form:

STATE OF WISCONSIN, } ss.
    SUPREME COURT,

*The State of Wisconsin to the judge of the circuit court of the county of* ——, *greeting:*

Whereas, it is alleged that a certain proceeding lately pending in the circuit court for the county ——, before the judge thereof, in the matter of ——, errors have intervened to the great damage of ——; and we, being willing that justice should be done in the premises, do command you, that you, without delay, do certify to us, under the seal of the said court, the proceeding aforesaid, together with all the orders, judgments or decrees made or rendered therein, and also that you cause to be transmitted to us all process, documents, pleadings, testimony and original papers in said proceedings. Hereof fail not.

Witness, the Hon. EDWARD V. WHITON, chief justice of our said court, at Madison, this —— day of ——, A. D. 18 .

[SEAL.]                                    ————————————,
                                        *Clerk of Supreme Court.*

Upon the service of such writ upon the clerk of the circuit court, the said clerk shall immediately transmit to this court a certified copy of the record in said cause, and also shall transmit all process, pleadings, documents, original papers and testimony on file in the office of such clerk in said cause.