JOHN LAWLER. Plaintiff in Error,

vs.

JOHN FITZPATRICK and ALEXANDER WHALIN, Defendants in Error.

ERROR TO WASHINGTON COUNTY COURT.

Cases involving the requisites for effecting an appeal from the judgment of a justice of the peace, re-affirmed.

The dismissal of a suit, or of an appeal, or any order of the court below, which finally determines the suit, is so far in the nature of a final judgment, as to be the subject of a writ of error.

This was an appeal to the County Court of Washington county, from the judgment of a justice of the peace, involving substantially the same points and rules of practice, as other cases heretofore reported. Some other points of practice are noticed in the opinion, but it is not essential to specify them, as all matters of interest are therein discussed.

*A. M. Blair,* for the plaintiff in error.

*G. W. Foster,* for the defendant in error.

This was an action of assumpsit, commenced before a justice of the peace, by the defendants in error, against the plaintiff in error, in which the defendants in error obtained judgment, for $46.40, and costs.

From this judgment the plaintiff in error appealed to the County Court. After the return of the justice, at the        term of said court, the counsel for the defendants in error moved the court to dismiss the appeal, for the reason that the sureties in the appeal bond did not justify their responsibility, and were not

accepted by the defendants in error or their attorney. The plaintiff in error objected to the hearing of the motion, because it was not made on the first day of the term; because by the rules of court motions could only be made in the morning, and this was made after the recess at noon; and because no notice of the motion was served upon the appellant or his attorney. These objections were overruled by the court, and exceptions taken.

Before the motion to dismiss was decided, the defendant below by his attorney, offered a bond, in the form prescribed by the revised statutes, signed by A. M. Blair and Lion Silverman, one of whom, Blair, justified as to his responsibility, which bond was approved by the justice, acknowledged before and certified by him. The first bond was in due form, except that the surety did not justify. The court rejected the second bond offered, and held that neither of them was in compliance with the statute. The motion to dismiss was sustained, and the case is brought here for review.

*First.* It is insisted by the counsel for the plaintiff in error, that the court below erred in hearing the motion to dismiss the appeal at the time when it was made, and he relies upon rule 6 of the County Court, which requires certain motions to be made in the morning, and on particular days.

So far as these rules of practice relate to the mere order of business, they are adopted for the convenience of the court, and may be modified or suspended at its discretion; and unless manifest injustice is done thereby, or the discretion abused, this court will not interfere. Both parties were in court when this motion was heard. No extension of time was asked to

enable the appellant to prepare for the argument, The objection appears to have been merely technical, that the motion was made in the afternoon instead of the morning. If advantage had been taken of the absence of the appellant, and the motion been made and heard out of time as prescribed by the rules, a possible injury might have been done. But such is not the case. Besides the defect which is the basis of the motion to dismiss, goes to the jurisdiction of the court, and might be urged at any time. We see nothing in the first cause of error as alleged.

*Secondly;* it is insisted that the court erred in dismissing the appeal, as either bond was in compliance with the statute, and reference is made to the revised statutes, chapter 88, § 228, 229, 230, also to Sess. Laws, 1832, page 292.

These provisions of the revised statutes have already received a construction by this court. We held in the case of *Clark & Rie vs. Bowers,* 2 *Wis. Rep.* 123, that the conditions upon which an appeal may be taken, as prescribed by the statute, must all be complied with within ten days, including the making and perfecting the recognizance. The same was reaffirmed at the last term of this court, in *Pelton vs. Blooming Grove* and in *Brearly vs. Warren,* in which it was further held, that cases of this kind were not aided by the statute of 1852, by the filing of a new recognizance.

This court has also repeatedly held that the order dismissing an appeal, or a suit, was in the nature of a final judgment, from which a writ of error will lie.

The judgment of the court below is affirmed with costs.