WILLIAM H. BERRAY, Plaintiff in Error.

*vs.*

NATHANIEL B. WOODRUFF, Defendant in Error.

ERROR TO WAUSHARA CIRCUIT COURT.

An appeal lies by the plaintiff from a judgment of a justice of the peace rendered against him, (for *less* than fifteen dollars), on his filing his affidavit, setting forth in addition to the other matters required to be stated, "that he has a valid claim "against the defendant of more than fifty dollars, as set forth in his pleadings in "the suit."

In such case an appeal lies though there be no judgment for damages, but for costs merely.

This was an action of trespass *de bonis asportatis*, brought before a justice of the peace of Waushara county. The plaintiff declared for taking and carrying away ten tons of hay, claiming eight dollars damages. The defendant pleaded the general issue. Upon the trial the jury found for the defendant, and the justice entered judgment accordingly.

The plaintiff executed a bond with a surety as required by law, and made and filed the following affidavit for an appeal to the circuit court:

"William H. Berray, the plaintiff in the suit above entitled, "makes application for an appeal from the judgment of the "Justice, and upon being duly sworn according to law, depos- "eth and saith, that his appeal is made in good faith, and not "for the purpose of delay; and that he has a valid claim "against Nathaniel B. Woodruff, the opposite party, for more "than fifty dollars, as set forth in his pleadings in the suit."

The Justice accepted the affidavit and bond, and the appeal was docketed in the circuit court, whereupon the defendant moved to dismiss the appeal for the following reasons:

First,—The judgment in the cause is for costs alone.

Second.—No appeal can be had except it be taken from a judgment exclusive of costs.

This motion was argued before the circuit court, at the April term, 1856, and the motion was granted and the appeal dismissed; to reverse which judgment of the circuit court this writ of error was brought.

*W. C. Webb*, for plaintiff in error.

Chapter 34 of the general Laws of 1855, page 33, gives the right of appeal in this case. The object of the act was to extend the right of appeal to cases not included in chapter 88 R. S.

The question here is, what constitutes a " judgment " within the meaning of the act of 1855? Or, was there a judgment against the appellant, " not exceeding fifteen dollars, exclusive of costs ?"

The judgment rendered by the justice of the peace was legally a judgment of "no cause of action "—" that the plaintiff takes nothing by his bill." This determined the rights of the parties—it was the sentence of the law pronounced by the court upon the matters contained in the record." 3 Bl. Com., 395 ; 1 Bouv. L. Dic., 676 ; Burrell's Pr., 245–6.

A sum certain, whether for the plaintiff or defendant, or whether above or below fifteen dollars, is a mere matter of *damages*, and not a necessary part of any *judgment*. It is never *the judgment* itself.

The act of 1855 is an enabling act, and should be liberally construed.

*By the Court*, COLE, J. We are of the opinion that the circuit court erred in sustaining the motion to dismiss the appeal in this case. It appears that Berray commenced his action of trespass before a justice of the peace, for taking and carrying away ten tons of hay, laying his damage at eighty dollars. The defendant in error pleaded the general issue, and went to trial before a jury. The jury found for the defendant, and the Justice entered judgment accordingly. Thereupon, the plaintiff, Berray, made and filed his

affidavit for an appeal, stating therein that the appeal was made in good faith and not for the purpose of delay, and further that he had a valid claim against Woodruff for more than fifty dollars, as set forth in his pleadings. The circuit court dismissed the appeal for the reason, as we suppose, that an appeal in this case was not given by Subd. 2, Section 1, Chap. 34 S. L. 1855. This statute provides that either party to a final judgment rendered by a justice of the peace, may appeal therefrom to the circuit court of the county, where the same was rendered in the following cases:

1st. When the judgment, exclusive of costs, shall exceed fifteen dollars.

2d. When the judgment, exclusive of costs, shall not exceed fifteen dollars, and the party appealing shall state in his affidavit for an appeal, in addition to the facts required to be stated in other cases, that he has a valid claim against the opposite party of more than fifty dollars, as set forth in his pleadings in the suit.

We think it was intended by this statute to give the right of appeal in cases like the one at bar. To hold that the word judgment, in the statute, refers only to a case where there is a recovery in debt, or damages less than fifteen dollars, exclusive of costs, is giving to the statute a very limited and technical construction. The rights of the parties in this case were passed upon and determined by the judgment rendered, and Berray, in addition to the other matters required to be stated in his affidavit, set forth that he had a valid claim against the opposite party of more than fifty dollars, in compliance with the statute. An appeal being given in the case and all the requisites of the statute necessary to perfect it having been fully complied with, the appeal should have not been dismissed.

Judgment of the circuit court reversed.