June Term, 1862.

CONRAD
v.
COLE.

---

## CONRAD vs. COLE.

Where the defendant in a justice's court went to trial without security for costs having been required from the plaintiff, he must be deemed to have waived it.

It is error for the circuit court in such case to dismiss an appeal by the plain-

CONRAD
v.
COLE.

tiff from the judgment of the justice, because security for costs had not been filed in the justice's court.

Where the record shows that a cause wns dismissed for want of jurisdiction, and shows also that the court had jurisdiction, it is not necessary that there should have been a bill of exceptions to enable this court to review and correct the error.

APPEAL from the Circuit Court for *Jefferson* County.

The case is stated by the court.

*Gerrit T. Thorn,* for appellant.

*Williams & Leonard,* for respondent.

October 11.

*By the Court,* COLE, J. This action was commenced by the appellant before a justice of the peace. The parties appeared, put in their pleadings, and went to trial before a jury. The jury, upon the evidence, returned no cause of action. The appellant then took an appeal to the circuit court. The circuit court held that it had no jurisdiction of the cause, and dismissed the appeal for that reason.

In looking into the record, we think it fails to sustain this objection. On the contrary, it appears that the subject matter of the suit was within the *jurisdiction of the justice.* The defendant was not only served with process, but appeared and made a successful defense to the action. The appeal to the circuit court appears to be regular and proper. We should then be at a loss to know upon what ground or for what reason the circuit court held it had no jurisdiction of the cause, were it not conceded by counsel on both sides to be because no proper security for costs was given by the appellant before the justice. We shall then assume, upon this record, that the appeal was dismissed because no proper security for costs was filed before the justice. Was this a good ground for dismissing the appeal? Or rather, was it a matter going to the jurisdiction of either the justice or circuit court? It appears to us very clearly that it was not. Let it be assumed, for the purpose of considering the objection, that the plaintiff was a non-resident, and that it was the duty of the justice to require him to give security for costs in conformity to section 21, chap. 120, and that none whatever was given; still would this deprive the justice of jurisdiction of the cause? We think not. It is said the neglect to give this security for costs, is like omitting to make affidavit for an at-

tachment, and went to the jurisdiction of the justice. But this we deem an erroneous view of the matter. Security for the costs was evidently a matter for the benefit of the defend- ant. The object in requiring it in any case is, that the defendant may have some responsible party within the jurisdiction of the court, to whom he can look for the payment of his costs in the event he succeeds in the action. If he chooses to appear and go to trial without demanding security for costs or taking any objection to that which is given, he must be deemed to have waived it. It is certainly a defect or error which he may waive. This is obvious. And ought he not to be held to have waived it, when he appears and goes to trial before the justice without making any objection that the proper security for costs is not filed? We think he ought. If security for costs had been required before the justice, and the plaintiff had refused or neglected to give it, the justice might have dismissed the suit. But when no objection is taken for the want of security, and the parties appear and go to trial, it must be deemed to have been waived.

It was suggested by the counsel for the respondent, that we could not consider this question, because no bill of exceptions was settled and signed, embracing the motion to dismiss and the ruling of the court upon it. It is not necessary to cause a bill of exceptions to be settled to enable us to review an error which appears upon the face of the record. The record shows that the appeal was dismissed for want of jurisdiction, which excludes the idea that it was dismissed for any other reason. The record shows clearly that the court had jurisdiction of the parties and the subject matter of the suit. We therefore think the record shows that the cause was improperly dismissed.

The order of the circuit court dismissing the appeal is reversed, and the cause remanded for further proceedings according to law.