## COLLINS VS. WAGONER.

*Final Judgment—Sec. 204, Ch. 120, R. S.*

Judgment of dismissal, not awarding costs, is a *final* judgment, within the meaning of sec. 204, ch. 120, R. S., and may be appealed from.

APPEAL from the Circuit Court for *Monroe* County.

This action was commenced in a justice's court: the complaint, which was not verified, alleging that defendant, on &c., " did unlawfully make forcible entry into tenements in the quiet and peaceable possession" of the complainant (describing them), and then and there did forcibly and unlawfully eject plaintiff from said building, and that he still unlawfully and forcibly held the same from the complainant. The cause was called August 5th, 1864, and the following entry made in the docket:

"The defendant moved to dismiss the complaint, on the ground that it was not sworn to, and did not show the plaintiff in possession of the premises. Motion sustained, and suit dismissed." Here follows a statement of the constable's and justice's fees, amounting to $3.08, but no award of costs to either party. The only subsequent entry is as follows : "August 16, 1864. Appeal papers filed, appeal taken, and costs paid, including costs of appeal and state tax." The undertaking on appeal recites that "judgment was rendered * * * against the above-named plaintiff for the sum of three and 8-100 dollars costs in favor of said defendant," and that "said plaintiff, feeling herself aggrieved by said judgment, has appealed therefrom," &c. The circuit court dismissed the appeal, on the ground that "the judgment of the justice dismissing said action was not a final judgment." From this order plaintiff appealed.

*Montgomery, Tyler & Wing,* for appellant, to the point that the complaint need not be sworn to, cited R. S., ch. 151, sec. 3 ; *Rains v. City of Oshkosh,* 14 Wis., 372 ; *Eastman v. White,* 3 Chand., 196. To the point that the decision of the justice was appealable, they cited *Williams v. Stewart,* 3 Wis., 773 ; 27 N. Y., 216 ; 11 Johns., 457.

*L. W. Graves,* for the respondent, contended that the complaint was properly dismissed by the justice, because it did not show that plaintiff was in possession of the premises at the time of the alleged entry, and because it was not sworn to ; and that the appeal was properly dismissed by the circuit court, because no final judgment was rendered by the justice (sec. 204, ch. 120, R. S.), nor did his return show that *any* judgment was rendered by him.

DOWNER, J. The justice of the peace dismissed the suit because the complaint was not sworn to, and did not show the plaintiff in the possession of the premises therein described; but he rendered no judgment for costs against the plaintiff. The plaintiff appealed to the circuit court, and that court dis-

missed the appeal, for the reason that the judgment of the justice was not a final judgment.

The justice clearly erred in dismissing the action. It is contended that the dismissal is not a final judgment, within the meaning of sec. 204, ch. 120, R. S. The dismissal of the suit was the same in legal effect as a nonsuit; and the words "final judgment" in the statute mean the final determination of the rights of the parties in the action. Judgment of nonsuit or dismissal, which did not award costs, has been held a final judgment from which a writ of error would lie. *Lovell v. Evertson*, 11 Johns., 53; *Lawler v. Fitzpatrick*, 3 Wis., 573.

We hold the judgment of the justice final within the meaning of section 204 above cited. The circuit court erred in dismissing the appeal.

*By the Court.*—The judgment of the circuit court is reversed, with costs, and the cause remanded for further proceedings.