21  385
83  569

STOPPENBACH VS. ZOHRLAUT and another.

JUSTICE'S COURT: *Title to land, how question raised—Judgment of dismissal, not awarding costs, appealable— When cause triable* de novo *at the circuit.*

1. An allegation of a right of way by one party, *denied* by the other, raises a question of title to land.
2. But a *demurrer* to a complaint in justice's court, containing such allegation, on the ground that it "shows on its face that title to land is in question," does not raise such question.
3. A judgment of dismissal, not awarding costs, is a final judgment, from which an appeal lies.
4. On appeal from such a judgment in justice's court, if the plaintiff does not make oath at the time of appealing, that he has a valid claim against defendant, as set forth in the complaint, exceeding fifteen dollars, the circuit court can only affirm or reverse the judgment.

APPEAL from the Circuit Court for *Jefferson* County.

Action for damages for obstructing an alley in the rear of plaintiff's village lots. The defendants are alleged to be the owners of certain adjoining lots, on both sides of the alley, and to have built a single fence enclosing all their said lots, and thus closing up the alley. The right of all lot owners in the block to the free use of such alley is alleged, and also special facts to show plaintiff's damages, which are laid at $100. Demurrer to the complaint on several grounds, one of which was, that it appeared on the face thereof that title to real property was in question, and that the court had no jurisdiction. The justice's docket states that the demurrer was sustained;

that plaintiff refused to amend; and that the suit was dismissed. The plaintiff appealed; the defendants moved to dismiss the appeal on the ground that there was no final judgment in the justice's court; and the circuit court refused to dismiss, reversed the judgment of the justice, and rendered judgment for plaintiff for costs; from which defendants appealed.

*Gerrit T. Thorn*, for appellants, to the point that the demurrer was rightly sustained, because the title to real property was in question, cited *State v. Doane*, 14 Wis., 483; *Manny v. Smith*, 10 id., 511; *Willoughby v. Jenks*, 20 Wend., 96; *Striker v. Mott*, 6 id., 465; *Main v. Cooper*, 25 N. Y., 180; 3 E. D. Smith, 235, 367.

*D. F. Weymouth*, contra.

DIXON, C. J. A right of way contested or denied raises a question of title to lands, over which a justice of the peace has no jurisdiction; but a right of way admitted, or not denied, does not. The defendants, by their demurrer, admitted that a right of way existed as alleged in the complaint, and the issue thus formed was one over which the justice had · jurisdiction, the same as if the action had been for a trespass upon land in possession of the plaintiff, and his title to the land had been admitted. The justice, therefore, erred in dismissing the suit for want of jurisdiction; and the circuit court was right in reversing his judgment.

A judgment of dismissal is a final judgment, from which an appeal may be taken to the circuit court, although no costs are given against the plaintiff. And the plaintiff, not having made oath, at the time of appealing, that he had a valid claim against the defendant, as set forth in his complaint, exceeding the sum of fifteen dollars, the circuit court was also right in simply reversing the judgment of the justice. In such case there can be no new trial in the circuit court. The judgment of the jus-

tice can only be reversed, and that is the end of the action. R. S., ch. 120, secs. 217 and 218.

*By the Court.*—Judgment affirmed.