CAMPBELL vs. THE CHICAGO & NORTHWESTERN RAILWAY CO.

*Security for costs in justices' courts.*

1. An order of a justice of the peace, requiring a resident plaintiff to give security for costs in a suit before him, will not be reversed unless there has been an abuse of discretion.

2. After this cause had been adjourned a week to give plaintiff time to find such security, he made affidavit that, although a resident of the locality, he was a stranger there, and utterly unable from poverty to give the security. *Held,* that there was no abuse of discretion in dismissing the action

APPEAL from the County Court of *Winnebago* County.

This appeal was taken by the plaintiff from a judgment of the county court affirming an order of a justice's court, dismissing the action because the plaintiff, through inability, failed to give security for costs as required by the justice.

*Jackson & Halsey,* for appellant.

*Gabe Bouck,* for respondents.

COLE, J. Section 12, chapter 120, R. S., provides that a justice of the peace, in all civil actions where the plaintiff is a non-resident of the county, either before or after the process shall issue, shall require the plaintiff in such action to give security for the costs, "and may, at his discretion, require a like security of all other plaintiffs; and if the plaintiff refuse or neglect to give such security, the action shall be dismissed." In this case, on the return day of the summons, after the parties had appeared and put in their pleadings, the defendant demanded that the plaintiff give security for costs. The cause was adjourned a week from the 19th of February, 1868, to the 26th. On the 26th it was again adjourned to the 27th, when, on the hour of adjournment, the plaintiff failing to give security for costs, the action was dismissed. And the only question we have to consider is, the correctness of this ruling by the justice in dismissing the action because the plaintiff failed to give the required security for costs.

The statute above quoted would seem to give the justice discretion in this matter. If in any case we could review the exercise of that discretion, and reverse his action, it is clear that this could only be done where there was some abuse in its exercise. Nothing of the kind appears upon this record. The plaintiff had ample time to give the security. But he could not give it. He, however, made an affidavit, in which he stated that, although a resident of the city of Oshkosh, he was a stranger there, and utterly unable, on account of his poverty, to give the security. We have no statute which authorizes a person to sue *in forma pauperis*. It seems almost like a hardship that a poor person should not be able to litigate. But this is a matter for the legislature to regulate, and not the justice. If the suit of the plaintiff should prove groundless, unless security is given, the officers of court could get no pay for their services. The opposite party would likewise be unable to get his costs. The justice undoubtedly took these things into consideration, and thought it was not right that the plaintiff should be exempt from the common rule of giving security for costs when it was demanded by the defendant. We are unable to say that he did not decide wisely. *Conrad v. Cole*, 15 Wis. 545.

*By the Court.* — The judgment of the county court is affirmed.