Steinam vs. Schulte.

=====

STEINAM, Appellant, vs. SCHULTE, Respondent.

*November 16 — December 6, 1892.*

83  567<br>107  653

*Justices' courts: Refusal to give security: Dismissal: Appeal: Trial de novo.*

1. A judgment of a justice of the peace dismissing an action, whether with or without costs, under sec. 3782, R. S., because of plaintiff's refusal to give security for costs, is a final judgment within the meaning of sec. 3753, R. S., and is appealable.

2. Under sec. 3768, R. S., the appeal from such a judgment must be tried in the appellate court as actions originally brought there, if the plaintiff makes the affidavit prescribed by subd. 2.

APPEAL from the Superior Court of *Milwaukee* County. This action was commenced before a justice of the peace, February 7, 1890. The complaint alleges, in effect, that at

the annual town meeting of the town of Wauwatosa, in April, 1889, the plaintiff was duly elected overseer of the road district therein described as No. 28, and duly qualified and entered upon the discharge of his duties as such overseer; that November 23, 1889, the defendant did unlawfully and wilfully injure the highway in said road district, by then and there destroying and taking up a certain culvert therein, and by then and there filling up and obstructing the sluiceway over which said culvert was built, and by other acts; that as such overseer the plaintiff was obliged to, and did, rebuild said culvert and dig up and clear away said sluiceway, and did procure the necessary labor and material therefor, at the cost of $20; and demanded judgment for treble that amount, to wit, $60, as provided in sec. 1327, R. S., besides the costs of the action.

The cause was adjourned from time to time until March 17, 1890, when the defendant answered by way of general denial. The plaintiff was then required by the justice, on the demand of the defendant, to give security for costs, which he refused to do; and thereupon the cause was ordered dismissed by the justice, and judgment was thereupon entered accordingly, with costs taxed against the plaintiff at $35.04.

Afterwards the plaintiff paid into court the fees of the justice, the state tax, and clerk's fees, and appealed from said judgment to the superior court of Milwaukee county, and upon such appeal gave an undertaking, with a surety, provided that if the appeal should be dismissed, or if judgment be rendered against said appellant, and an execution thereon be returned unsatisfied in whole or in part, then they would pay the amount so returned unsatisfied. At the same time the plaintiff filed with said justice his affidavit to the effect that he had a valid claim, as he verily believed, against the defendant, as set forth in his complaint in this action, exceeding the sum of $15. Such appeal

papers were filed with the justice, and thereupon the same, with the record, were transmitted to the clerk of said superior court.

On January 29, 1891, the cause was heard by the superior court, and thereupon it was ordered and adjudged by said court, and the court found, that the discretion exercised by. said justice in dismissing said action with costs, was not abused, but was a reasonable discretion; that the judgment entered by said justice should be affirmed, with costs to be taxed; and judgment was thereupon entered accordingly. From that judgment the plaintiff appeals.

*J. M. Clarke*, for the appellant.

For the respondent the cause was submitted on the brief of *Rogers & Mann*. They contended that upon the appeal the superior court could not do more than review the exercise of discretion by the justice. Sec. 3782, R. S., would be of no force if the appeal could revive the case and give the plaintiff a new trial. *Campbell v. C. & N. W. R. Co.* 23 Wis. 490, 491; *Joint Sch. Dist. v. Kemen,* 72 id. 181.

CASSODAY, J. Undoubtedly a justice of the peace may, in the exercise of a sound discretion, dismiss an action whenever the plaintiff is ordered to give security for costs and unreasonably refuses or neglects to do so. Sec. 3782, R. S.; *Campbell v. C. & N. W. R. Co.* 23 Wis. 490. That case was heard "on the original papers and the return of the justice, containing all the material evidence and his rulings in the action," as prescribed by sec. 3767, R. S., and no affidavit was filed or made as required by subd. 2, sec. 3768, R. S.; and hence the county court could only affirm or reverse the judgment. *Stoppenbach v. Zohrlaut,* 21 Wis. 385. The question here presented was not there involved. The mere fact that the plaintiff refused to give security for costs, as ordered in the case at bar, did not deprive the justice of jurisdiction, nor did the order and judgment of the justice dismissing the action prevent an

appeal therefrom. *Berray v. Woodruff*, 6 Wis. 202. Such a judgment, whether with or without costs, is "a final judgment," within the meaning of sec. 3753, R. S., and is therefore appealable. *Id.*; *Collins v. Waggoner*, 20 Wis. 48; *Stoppenbach v. Zohrlaut*, 21 Wis. 385; *Hewett v. Currier*, 63 Wis. 390. Being appealable, the only remaining question is whether it was to be heard in the superior court upon the original record or *de novo*. The statute declares, in effect, that "the appeal shall be tried in the appellate court as actions originally brought there," whenever "the plaintiff appeals from a judgment against him, . . . if, at the time of appealing, he shall make an affidavit that he has a valid claim, as he verily believes, against the defendant, as set forth in his complaint, exceeding the sum of fifteen dollars." Sec. 3768, R. S. Such an affidavit was here made and filed by the plaintiff, and, in the language of the statute cited, the appeal must "be tried in the appellate court as an action originally brought there." This works no injustice to the defendant, since the undertaking given by the plaintiff on the appeal from the justice indemnifies him as fully as though the plaintiff had given security for costs as ordered.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.