Jackson vs. The State.

JACKSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 5 — February 18, 1896.*

*Writ of error, when lies: Order denying new trial after judgment: Criminal law.*

An order denying a motion for a new trial, made after judgment in a criminal case, under sec. 4719, R. S., is not a final judgment or an order in the nature of a final judgment to review which a writ of error will lie. PINNEY and WINSLOW, JJ., dissent.

ERROR to review an order of the circuit court for Iowa county: GEO. CLEMENTSON, Circuit Judge. *Writ dismissed.*

The facts sufficiently appear in the opinion.

For the plaintiff in error there was a brief by *Spensley & McIlhon* and *P. A. Orton,* and oral argument by *Mr. Orton* and *Mr. Calvert Spensley.*

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall,* Assistant Attorney General, and oral argument by *Mr. Erdall.*

MARSHALL, J. This case was before this court on a writ of error to review the judgment of the circuit court, and was decided October 22, 1895, the judgment being affirmed. After such affirmance, a motion for a new trial was seasonably made, based on newly-discovered evidence, under sec. 4719, R. S., which provides that "the circuit court may, at the term in which the trial of any indictment or information shall be had, or within one year thereafter, and in either case before or after judgment, on the petition or motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court may direct." The motion for a new trial was denied, and the order of the trial

court in that regard is here for a review at this time, if a writ of error may properly be had to bring such a matter before the court.

By the organic law of the territory at the time of the adoption of the state constitution, a writ of error was allowed only from final judgments or orders in the nature of final judgments (*Hill v. Bloomer*, 1 Pin. 283); and this right was preserved and secured by art. I, sec. 21, of the constitution, which provides as follows, "Writs of error shall never be prohibited by law." As said by Mr. Justice LYON in *Buttrick v. Roy*, 72 Wis. 164, in effect, this constitutional provision renders the writ inviolate, as it existed when the constitution was adopted, and at that time its scope and function were to correct some supposed mistake in the proceedings or judgment of the court. Hence, it lies only after judgment in an action at law in a court of record, or after an order in the nature of a final judgment, to correct some supposed mistake in the proceedings in respect to such judgment or order. Such is the measure of the constitutional right to the writ, and sec. 3043 is merely declaratory of the constitutional right, neither extending nor attempting to restrict it. Sec. 4724, R. S., provides that writs of error in criminal cases may issue in the manner and within the time allowed in civil actions, and sec. 3043, that writs of error may issue to review final judgments in actions tried by jury; the proceedings and judgment to be in accordance with the course of the common law and the rules and practice of the supreme court. This statutory provision, in connection with art. I, sec. 21, of the constitution, has been repeatedly considered by this court in cases, from first to last, covering nearly half a century, and the conclusion promulgated soon after the adoption of the constitution has been since reiterated, over and over again, that a writ of error lies only in case of a final judgment or an order in the nature of a final judgment given in a court of record proceeding according

to the course of the common law. Hence, an extended re-discussion of the subject at this time cannot serve any valuable purpose. In *Crocker v. State*, 60 Wis. 553, in an opinion by Mr. Justice CASSODAY, the authorities in this and other states are collated; and the conclusion there reached, as explained in *Buttrick v. Roy*, 72 Wis. 165, and followed in *State ex rel. Larkin v. Ryan*, 70 Wis. 676, *State v. Brownell*, 80 Wis. 563, and *State ex rel. McCaslin v. Smith*, 65 Wis. 93, leaves very little, if anything, that can profitably be said on the subject.

However much the ends of justice may appear to demand a review of the decision of the trial court refusing to exercise the discretionary power granted by sec. 4719, R. S., in favor of the plaintiff in error, the settled law on the subject forbids this court from doing so, though the peculiar circumstances disclosed by the record, and the able presentation of the matter both orally and in the printed briefs of counsel, have led to such careful consideration of the jurisdiction of this court in the premises as the apparent exigencies of the case required, in view of the prior adjudications in respect to the general principles involved. We must hold that an order denying a motion for a new trial, under sec. 4719, is not a final judgment or an order in the nature of a final judgment. Hence, the writ of error was improvidently issued and must be dismissed.

*By the Court.*— Ordered accordingly.

PINNEY, J. I cannot concur in the determination of the court, resting, as it seems to me it does, upon what I regard as a mistaken view of its constitutional power and duty as an appellate tribunal.

The constitution (sec. 3, art. VII) provides that " the supreme court, except in cases otherwise provided by this constitution, shall have appellate jurisdiction;" and with this grant of appellate jurisdiction and as incident thereto, and

Jackson vs. The State.

without any legislation in its aid, the court took the right
to issue and use all common-law writs and process, with the
right to frame and issue such other writs as might be neces-
sary to make its appellate jurisdiction effective.   Hence it
took the right to issue writs of error as common-law pro-
cess, and to hear and determine the same.   The writ was
never of statutory origin, though to a certain extent its use
was regulated by statute, and it was this common-law writ
which the constitution provided (sec. 21, art. I) should
"never be prohibited by law."   It is not material to inquire
upon what foundation writs of error rested under the or-
ganic act or the statutes of the territory.   The legislature
might regulate their use, but could not prohibit them for
any purpose within their scope at common law.   As was
said by RYAN, C. J., in *Attorney General v. Railroad Cos.*
35 Wis. 515: "The framers of the constitution appear to
have well understood that, with *appellate* jurisdiction, the
court took all common-law writs applicable to it, and with
superintending control, all common-law writs applicable to
that; and that, failing adequate common-law writs, the
court might well devise new ones, as Lord Coke tells us as
'a secret in law.'   Hence the constitution names no writ for
the exercise of the appellate or superintending jurisdiction
of the court."

It is provided by statute (R. S. sec. 2405) that the appel-
late jurisdiction of the supreme court "shall extend to all
matters of appeal, error, or complaint from the decisions or
judgments of any of the circuit courts, county courts or
other courts of record, and shall extend to *all* questions of
law which may arise in said courts, *upon motion for new
trial,* in arrest of judgment, or in cases reserved by said
courts."   And, by sec. 2406, it is provided that "in addi-
tion to the writs mentioned in sec. 3, art. VII, of the consti-
tution, the supreme court shall have power to issue writs of
prohibition, supersedeas, procedendo, and *all other writs and*

*process not specially provided by statute* which may be necessary to enforce the due administration of right and justice throughout the state." Provisions in substance the same have been in force ever since 1849. R. S. 1849, ch. 82, secs. 5, 6. It will thus be seen that the utmost caution was taken to render the appellate powers of the supreme court complete and adequate to any contingency. While secs. 3043 and 4724 contain provisions regulating the manner of issuing writs of error, they do not in any manner limit or restrict the statutory provisions quoted, and could not qualify in the least degree the constitutional appellate jurisdiction and functions of the court.

This view of the appellate jurisdiction of the court is sustained by the case of *Brunson v. Burnett,* 2 Pin. 79, which was a motion to dismiss a writ of error to review the judgment of the district court in respect to the probate of a will, the statute not providing in terms that either an appeal or writ of error might be had. The court denied the motion, Stow, C. J., stating that it was "of no moment which proceeding — a writ of error or an appeal — was pursued; . . . that, in the absence of authority or precedent, the court *felt at liberty to adopt such a course as was deemed most expedient;* and that, on the whole, a writ of error was preferable to an appeal." After the organization of this court, in 1853, a writ of error was sued out in a similar case concerning the probate of the will of Edward Fisher, in the case of *Fisher v. Berkley* (unreported). No procedure having been prescribed by statute in which to obtain a review in cases determined in the circuit courts in relation to probate matters, the court dismissed the writ, but framed rules and a writ of *certiorari* for the review of such cases, whereupon such a writ was issued, and the case was heard thereon and decided. 2 Pin. 80, 81; 3 Pin. 492, 493; *In re Fisher,* 4 Wis. 254. These cases serve to show that the court is not dependent upon legislation for means to exercise its

appellate jurisdiction, but that, when occasion requires, it can and should frame rules and adopt such writs as are essential to the discharge of its constitutional functions. There is nothing in *Buttrick v. Roy*, 72 Wis. 164, to show that the writ of error as used in this state is in any respect other than a common-law writ. It lies after judgment in any action at law in a court of record to correct some alleged error in the proceedings or judgment of the court; but it is entirely well settled that it will lie to review an order in the nature of a final judgment which determines the suit (*Lawler v. Fitzpatrick*, 3 Wis. 573; *Cavenaugh v. Titus*, 5 Wis. 143), but will not lie to review an intermediate order or interlocutory judgment, as was held in *Hill v. Bloomer*, 1 Pin. 283.

It certainly cannot be a valid objection to the present writ that there had been a former writ upon which the final judgment given against the defendant was reviewed before the subsequent order was made denying the motion for a new trial made under the statute after such judgment, and which is sought to be reviewed by the present writ. I think that the order denying this motion was so far in the nature of a final judgment that it is the subject of a writ of error. It was a final determination of the new case made by the plaintiff in error, and a denial of an important right secured by the statute, so that it comes fairly within the rule. A writ of error is a remedial process, and ought to be used so as to advance the remedy, and ought not to be administered in the spirit of rigid and inflexible technicality. The plaintiff in error was entitled to the judgment of the appellate court on this motion. Only such motions and rulings as were made before the judgment of conviction could be reviewed on the first writ. The plaintiff in error had a right to make a motion for new trial after judgment, and the statute (sec. 2405) declares that the appellate jurisdiction of the court "shall extend to *all* questions of law which may arise upon *a motion for a new trial*," irrespect-

Jackson vs. The State.

ive of whether made before or after judgment. In *State ex rel. McCaslin v. Smith*, 65 Wis. 93, 96, 97, the order of a circuit court affirming the order of a court commissioner discharging a prisoner on a *habeas corpus* was held to be in the nature of a final judgment, and reviewable on writ of error, and COLE, C. J., said: " There is no express provision made by statute for reviewing such a decision of the circuit court, but we are inclined to hold that it may be had on a writ of error. The order made in such a proceeding by the court is in the nature of a final judgment, and *the policy of our constitution and laws is to allow a review* of such an adjudication; and it is most in accord with our rules of practice to allow this to be done on writ of error." It has been the settled law of this state for more than forty years that this court will review a discretionary order on a writ of error, and reverse it if the discretion of the lower court has been abused or improperly exercised (*Knox v. Arnold*, 1 Wis. 71; *West v. State*, 1 Wis. 209); for in such case the question becomes one of law.

I think, therefore, that the writ of error should have been sustained, and that the matter presented on the motion, drawn from unwilling witnesses, was such as to require a reversal of the order and a new trial. But, if the right to review the order on this writ is open to such serious doubt that it ought not to be maintained, then it is clearly the duty of the court, with the record before it, and the plaintiff in error seeking the exercise of its undoubted appellate jurisdiction, to adopt suitable rules and frame a writ of *certiorari* for all such cases, and to issue the writ and proceed to a review of the order, as the court did in *In re Fisher*, referred to.

WINSLOW, J.    I concur in the foregoing opinion of Mr. Justice PINNEY.