ULLMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 6—September 27, 1904.*

*Criminal law and practice: Writ of error to review order denying new trial: Amendment: Prosecution.*

1. A writ of error purporting on its face to have been issued to review a judgment of the court below, when in fact it was issued to review an order denying a new trial, may be amended by this court to show its true purpose; but such amendment will not be allowed where, under the. circumstances, the court would not permit the amended writ to be further prosecuted.
2. Under sec. 4719, Stats. 1898, a writ of error may be issued to review an order refusing a new trial in a criminal case, when made before judgment; but if the trial court enters judgment before the issuance of the writ or before judgment thereon, this court will not allow such writ to be prosecuted further, but will require the plaintiff in error to sue out a writ directed to the judgment.

ERROR to review an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Writ dismissed.*

This is a motion to quash and dismiss a writ of error. It appears from the return that on the 8th of October, 1903, the plaintiff in error was convicted in the circuit court for Dodge county of the crime of assault with intent to murder, and that thereafter, and before judgment was entered, he filed a written petition and motion for a new trial, under sec. 4719, Stats. 1898, which motion was denied December 26, 1903; that on December 29, 1903, the plaintiff in error filed a written application in this court for the issuance of a writ of error to bring up said cause for review, and that a writ of error was issued out of this court on the last-named day, in the usual form, directing a return to this court of a transcript of the record and proceedings in the case; that this writ was filed in the clerk's office of the circuit court for Dodge county January 11, 1904, and that on the 18th day of January, 1904,

judgment was rendered in the cause, by which the plaintiff in error was sentenced to a term of ten years in the state prison; that thereafter the trial court granted a stay of execution of the sentence. The return to the writ contains the original papers filed in the action, and said return was filed in this court on the 23d day of January, 1904.

The Attorney General now moves to dismiss the writ of error for the following reasons: (1) That said writ purports on its face to be directed to the judge of said court to review a judgment of the circuit court for Dodge county, while the fact is, as appears from the record in this action, that judgment was not entered in the action until the 18th day of January, 1904, several days after said writ was issued and served. (2) For the reason that it appears from the application for writ of error in this action that it was applied for for the purpose of reviewing an order of the trial court made before judgment in the action dated the 26th day of December, 1903, wherein the court refused defendant's motion for a new trial, while the writ of error actually issued and purports on its face to have been issued to review a final judgment in this action. (3) For the reason that this writ of error was in fact issued before judgment, and that such writ cannot be issued to review or reverse an order overruling the motion for a new trial until after judgment has been entered in the action. (4) For the reason that no proper return of the proceedings has been made in this action, although more than fifteen days have elapsed since the writ of error was served, in this: that the return of the court below to this court contains, or purports to contain, the original papers used and filed in this action, instead of certified copies of the same, as is required by Rule IV.

Upon the hearing of the motion to dismiss, the defendant filed a counter motion for leave to amend the writ so that it should in apt terms indicate that it was issued to review the order refusing a new trial.

The cause was argued orally by *J. E. Malone,* for the plaintiff in error, and by *L. H. Bancroft,* first assistant attorney general, for the defendant in error.

WINSLOW, J.   The writ of error in this action recited the rendition of judgment below, and was in the form customarily used for the purpose of reviewing final judgments.   As matter of fact, no judgment had been rendered below at the time of its issuance, nor was it expected to review the judgment thereby, but simply the order denying the motion for a new trial.   Upon this ground, among others, the state moves to quash the writ, and the plaintiff in error meets the objection by moving to amend the writ so as to show that its purpose is simply to review the said order.

Under the broad powers of amendment now possessed and exercised by the courts, even in criminal cases, we have no serious doubt of the power of this court to amend the writ as suggested (sec. 4706, Stats. 1898), but under the view we have taken of the case the amendment would be of no avail even if it were allowed.   The writ of error, as guaranteed by the constitution of this state (art. I, sec. 21), lies only to a final judgment, or to an order in the nature of a final judgment.   *Jackson v. State,* 92 Wis. 422, 66 N. W. 393.   In this action a motion for a new trial was made under sec. 4719, R. S. 1878, and denied, and a writ of error issued out of this court to review the order of denial.   Upon motion the writ was dismissed, because the order was not a ·final judgment nor an order in the nature of a final judgment.   At the session of the legislature following this decision an act was passed amending sec. 4719, aforesaid, so as to allow the issuance of a writ of error to review such an order, provided the writ be applied for within two years after the date of the order.   Ch. 9, 172, Laws of 1897.   This amendment passed with the section into the Statutes of 1898, and is now the undoubted law.   There can be little doubt, from the history

of the act last mentioned, that it was passed for the simple purpose of allowing a writ of error to be issued to review orders refusing a new trial which are made after judgment. That was the *Jackson Case;* and, furthermore, if the motion for new trial and the order of denial were made before judgment, the order could be reviewed upon writ of error directed to the judgment itself; hence there was no necessity for any enlargement of the power to issue the writ in this regard.

However, no exception was made in the amendment. As originally passed, and as it now stands upon the statute book, it provides that "when an application for a new trial under this section shall be refused a writ of error shall . . . be issued." The previous clauses of the section provide that the motion may be made either "before or after judgment;" hence the order denying may be made before judgment. It necessarily follows that under the words of the law, which are so plain as to preclude construction, the writ may be issued to review an order refusing a new trial when made before judgment.

The absurdity of issuing the writ to review such an order when judgment has already passed at the time of the hearing in the appellate court is very apparent. Suppose the order be found erroneous and be reversed upon the writ of error, the judgment below still stands intact and is unaffected by the reversal of the order while a new trial has been granted. The possibility of any such absurd situation arising in the course of legal proceedings should be avoided, if possible, and we are satisfied that it can be very easily avoided upon familiar principles. In case the circuit or trial court stays proceedings after the entry of the order until a writ of error can be obtained and heard, there is no reason why the writ should not issue and be given full effect according to the language of the statute. In case, however, the final judgment is passed in the trial court before the issuance of the writ, or

before judgment thereon, there is abundant reason, from the very absurdity of the possible results, why the writ should not be prosecuted to effect.

The case is quite analogous to that of an appeal from an intermediate order in a civil case. It is well settled by the decisions that the right to appeal from such an order ceases on the entry of final judgment, and this notwithstanding the statutory time has not expired. *American B. H., O. & S. M. Co. v. Gurnee,* 38 Wis. 533; *Drake v. Scheunemann,* 103 Wis. 458, 79 N. W. 749. Some of the same reasons given for this holding apply with equal or greater force to the present case. Undoubtedly every question and exception which can be urged upon the writ of error to the order can equally be urged upon a writ of error to the final judgment. The orderly administration of justice seems to require such a limitation in the use of the writ. In case the plaintiff in error can prevail upon the trial court to stay proceedings until he can test the order by writ of error, he will be entitled to prosecute it just as the statute provides; in case, however, the trial court enters judgment, as it may, this court will require the plaintiff in error to prosecute his writ to the judgment to the end that all questions be settled at once and that there be no opportunity for unfortunate and unseemly complications. In either case, by this construction of the law the plaintiff in error is secured every substantial right granted by the amendment to sec. 4719. It appearing in the present case, therefore, that judgment has been entered in the trial court, this court will not allow the present writ to be further prosecuted, but will require the plaintiff in error, if he desires to prosecute his exceptions in this court, to sue out a writ directed to the final judgment.

*By the Court.*—Writ dismissed.