LOVESEE, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 14—November 27, 1908.*

*Criminal law and practice: Review: Writ of error: Amendment: Order denying new trial: Review by writ of error before judgment: Statutes.*

1. In a criminal cause the fact that no judgment has been entered is of itself no sufficient ground for refusing to consider a writ of error, for the supreme court has power to amend the writ so as to permit a review of proper orders.
2. The proceedings under sec. 4719, Stats. (1898), whereby the defendant in a criminal cause is given the right to apply for a new trial and on its denial is entitled to have errors alleged to have been committed on the trial and embraced in the application reviewed by writ of error, differ from the course of reviewing a motion for a new trial upon the court's minutes under sec. 4724; hence a motion to set aside a verdict and grant a new trial upon the minutes of the court upon the grounds that the verdict was contrary to law, against the evidence and not supported thereby, and also upon the ground that the verdict was perverse and did not do substantial justice to the defendant, presents no grounds under sec. 4719 for the issuance of a writ of error before judgment to review the order refusing defendant a new trial.

ERROR to review an order of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Dismissed.*

The cause was originally argued September 14, 1908.

For the plaintiff in error there was a brief by *Homer C. Clark* and *J. R. Sturdevant,* and oral argument by *Mr. Clark.*

For the defendant in error there was a brief by the *Attorney General* and *F. T. Tucker,* assistant attorney general, and oral argument by *Mr. Tucker.*

On September 29, 1908, a reargument was ordered on the following question: "There being no final judgment in the trial court, must not the writ of error be dismissed for want of jurisdiction?"

The cause was reargued October 24, 1908, and the follow-
ing opinion was filed November 27, 1908:

SIEBECKER, J.   The plaintiff in error was tried in circuit
court on an information charging him in separate counts
with adultery and fornication.   He was convicted of adul-
tery.   The court denied a motion to set aside the verdict and
to grant a new trial upon the minutes of the court upon the
grounds that the verdict was contrary to law, against the
evidence and not supported thereby, and also upon the
ground that the verdict was perverse and did not do substan-
tial justice to the defendant.   No judgment was rendered
and no stay of proceedings was entered in the trial court.

The writ of error in this case refers in terms to the "ren-
dition of judgment," but in fact no judgment has been ren-
dered, and plaintiff in error seeks to have the case reviewed
on exceptions to rulings and directions made in the course
of the trial, including the refusal of the court to grant a
new trial upon its minutes before the entry of judgment by
the trial court.

The fact that no judgment has been entered is of itself
no sufficient ground for refusing to consider the writ of
error, for the court has power to amend the writ so as to per-
mit a review of proper orders, as was declared in *Ullman v.
State,* 122 Wis. 447, 100 N. W. 818.   We are led to inquire
whether there is any order in this case for a review of which
a writ of error will lie.

As stated above, the plaintiff in error assails the rulings
and directions of the court which were made in the course of
the trial and which have been incorporated in the bill of ex-
ceptions and made part of the record.   The plaintiff in er-
ror contends that the refusal of the court to grant his mo-
tion for a new trial upon the minutes of the court on the
grounds alleged is a denial of an application for a new trial
under sec. 4719, Stats. (1898), and that the denial thereof

entitles him to have the alleged errors committed on the trial
and embraced in such motion reviewed by this court under
sec. 4719, Stats. (1898), before his case has gone to judg-
ment in the trial court. The history of sec. 4719, Stats.
(1898), and the manifest purpose in amending it after the
decision in *Jackson v. State,* 92 Wis. 422, 66 N. W. 393, is
fully set forth in the *Ullman Case.* From the context of
this section it is obvious that the legislature intended to grant
the defendant in a criminal cause the right to apply to the
circuit court for a new trial by petition or motion in writ-
ing signed by himself or his attorney, and the proceeding.
provided by this section was evidently intended to permit a
defendant in a criminal case to bring to the attention of the
trial court, by written petition or motion in the manner
prescribed, the grounds upon which he seeks to have his case
reviewed. This differs from the course of reviewing a mo-
tion for a new trial upon the court's minutes. This intent
of the statute is shown by the provisions that the application.
must specifically embody the grounds for the motion; that
it must be filed with the clerk of the court at least twenty
days before the time set for hearing, unless a shorter time has
been fixed by order of the court; and that affidavits may be
used in support of the written petition or motion. All of
these provisions are inapplicable to a motion for a new trial
upon the minutes of the court. By such a motion excep-
tions to rulings and directions in the course of the trial may
be reviewed, and, if the court denies the relief, then the de-
fendant is entitled to a review of all such rulings and direc-
tions by writ of error, under sec. 4724, Stats. (1898). See,.
also, sec. 2878, Stats. (1898). Writs in such cases, how-
ever, do not lie until judgment has been entered by the trial.
court. *Jackson v. State, supra; State v. Clifford,* 58 Wis.
113, 16 N. W. 25; *State v. Compton,* 84 Wis. 355, 54 N.
W. 578. An examination of the case presented to this court
shows that the plaintiff in error seeks, under the provisions

of sec. 4719, Stats. (1898), to have this court review his ex-
ceptions to the ruling denying his motion for. a new trial
upon the minutes of the court as preserved in the record by
the bill of exceptions. As we have pointed out, the pro-
ceeding provided by this section was not intended to afford
a review of such a motion. Consequently no grounds are
presented under sec. 4719, Stats. (1898), for the issuance
of a writ of error to review the order refusing the defendant
a new trial.

Since the action has not gone to judgment, it follows that
the writ of this court was prematurely issued, and it must
be dismissed.

*By the Court.*—It is so ordered.