LANG, Plaintiff in error, vs. STATE EX REL. BUNZEL, Defendant in error.

*February 18—March 15, 1938.*

For the plaintiff in error there were briefs by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

FOWLER, J.   On October 10, 1934, the civil court of Milwaukee county adjudged the plaintiff in error to be the father of an illegitimate child, and adjudged that he pay for the lying-in expenses of the mother and $500 for support of the child, which payments the plaintiff in error has made.   On December 23, 1936, the court entered an order vacating its judgment and directing further proceedings.   On application of the plaintiff in error a writ of error was issued by the clerk of this court to review the order.   The state has moved to quash this writ on the ground that a writ of error only issues to review a final judgment.

Sec. 274.05, Stats., provides:

"Writs of error may issue of course out of the supreme court . . . to review final judgments in actions triable by jury.   The proceedings and judgment upon such writs shall be according to the course of the common law and the rules and practice of the supreme court. . . ."

A long line of cases of this court under this statute holds that the writ issues only to review final judgments: *Wheeler v. Scott,* 3 Wis. 325, *362; *Paine v. Chase,* 14 Wis. 711, *653; *Crilley v. State,* 20 Wis. 244, *231; *Crocker v. State,* 60 Wis. 553, 19 N. W. 435; *Jackson v. State,* 92 Wis. 422, 66 N. W. 393; *Ogden v. State,* 162 Wis. 500, 502, 503, 156 N. W. 476.   The only exception to this rule is that expressed

by sec. 358.06, Stats., enacted after the decision in the *Jackson Case, supra,* allowing the writ to review the refusal of a new trial. See *Ullman v. State,* 122 Wis. 447, 100 N. W. 818; *Lovesee v. State,* 137 Wis. 94, 118 N. W. 553.

The plaintiff in error contends that he was limited to a writ of error in procuring review of the order by statements of this court in *Windahl v. State,* 189 Wis. 424, 426, 207 N. W. 694, and *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 233, 258 N. W. 840, "that bastardy proceedings can be brought to the supreme court for review by writ of error only." Were this correct, it would not affect the force of the rule above quoted that they can only be brought to review final judgments, as the instant order is not a final judgment. And if the civil court was without jurisdiction to enter the order, its action could be reviewed by *certiorari* or writ of prohibition. It should be said in passing, however, that the statements from the opinions of this court next above referred to are not correct. They are based on early rulings of the court that in matters of procedure bastardy proceedings were governed by the procedure in criminal cases, and on cases decided before the enactment in 1927 of sec. 358.13, Stats., which gives the right of appeal in criminal cases, and were made without consideration of that statute.

As the motion to quash the writ must be granted, we are without jurisdiction to pass upon other matters which the briefs of counsel seek to raise.

*By the Court.*—The motion of the state to quash the writ of error is granted.