## SMITH vs. PACKARD and others.

A judgment was rendered on the 14th of January, 1857, at which time the period of limitation of writs of error was four years from the date of the judgment. By an act approved April 24, 1858, the period of limitation was reduced to two years from the date of the judgment: *Held*, that a writ of error to reverse the above mentioned judgment, sued out on the 28th of October, 1859, was barred, a reasonable time for suing out the writ having elapsed after the passage of the last mentioned act, before the period of limitation prescribed therein expired.

ERROR to the Circuit Court for *Jackson* County.

The writ of error in this case was issued on the 28th day of October, 1859, to reverse a judgment rendered in the Jackson circuit court, on the 14th of January, 1857. A motion was made to quash the writ of error, upon the ground that it was barred by the statute of limitations.

*Knapp, Widvey & Booth,* for plaintiff in error.

*J. J. Cole* and *W. H. Tucker,* for defendants in error:

The statute of limitations in force at the time a suit is instituted, governs and limits the right of action. No vested right is interfered with by a change in the law in this re-

June Term,
1860.

SMITH
v.
PACKARD et al.

spect before the commencement of the suit. *Patterson vs. Gaines*, 6 How. (U. S.), 550; *Winston vs. McCormick*, 1 Ind., 56; 4 Cow., 392; 2 Paige, 284; Story on the Con., § 1379; *Butler vs. Palmer*, 1 Hill, 324; *People vs. Livingston*, 6 Wend., 526; 2 Ind., 486; 7 id., 91; 2 Shep., 344; 28 Miss., 361; 7 Met., 435; *Gilman vs. Cutts*, 3 Foster (N. H.), 382; *Willard vs. Harvey*, 4 id., 344; *Grover vs. Coon*, 1 Coms., 536; 7 Barb., 445.

July 30.

*By the Court*, PAINE, J. At the time of the argument of this case, a motion to quash the writ of error was also argued, and the conclusion to which we have come upon that, renders it unnecessary to decide upon the merits of the case.

The motion is made for the reason that the writ was barred by the statute of limitations. The judgment was entered on the 14th day of January, 1857. The statute in force at that time allowed a writ of error to be brought at any time within four years after the judgment. But chapter 61 of the General Laws of 1858, which was approved April 24th of that year, contains the following provision: "The time within which a writ of error may be issued in any case, is hereby limited to two years from the date of the judgment rendered in the case in which the writ is taken." This writ of error was issued on the 28th day of October, 1859, more than two years after the date of entering the judgment. If the statute applies, it is clear, therefore, that the writ was barred.

The authorities seems fully to establish the rule that where mere inchoate rights are concerned, depending for their original existence on the law itself, they are subject to be abridged or modified by law, and that statutes of this character apply to such rights existing at the time of their passage, provided a reasonable time is left after the passage of the act, and before it would operate as a bar, for the party to exercise the right. *De Cordova vs. City of Galveston*, 4 Tex., 470; *Winston vs. McCormick*, 1 Carter (Ind.), 56; *Gilman vs. Cutts*, 3 Foster (N. H.), 376; *Willard vs. Harvey*, 4

id., 344; *Smith vs. Morrison*, 22 Pick., 430; *Butler vs. Palmer*, 1 Hill, 324.

In this case, about nine months remained after the passage of the act, and before the expiration of the two years from the date of the judgment. There can be no doubt that this must be considered as a reasonable time within which the writ of error might have been sued out, and that the statute therefore operated as a bar to its being issued afterwards. We think the constitutional provision that the writ of error shall never be prohibited, has no application to the question. The object of that provision was to prevent parties from being deprived entirely of the right to this writ; not to prevent any limitation from ever being established upon the exercise of the right.

The motion to quash is granted, with costs.