· 21  241
d93  577

CITY OF MILWAUKEE VS. GROSS.

WRIT OF ERROR: *Municipal Court of Milwaukee: action for violating city ordinance.—Powers of municipal corporation in regulating slaughter houses.*

1. A writ of error lies in behalf of the city to the Municipal Court of Milwaukee, in an action to recover a penalty for a violation of a city ordinance.

2. Under the charter of the city of Milwaukee, the common council have authority to pass an ordinance "to establish a city slaughter house, and to regulate the management of slaughter houses and packing houses, and to prohibit the sale of diseased meat" in said city.

3. The ordinance thus entitled, which declares it unlawful (with certain exceptions) for any person "to slaughter or dress any animal in any building or yard within the corporate limits" of said city, except at a certain designated "City Slaughter House," (the use of which for that purpose the comptroller of the city was directed to procure in the name of the city from the owners), *held*, not to appear, *upon its face*, so unreasonable or so in restaint of trade, that the court could pronounce it invalid.

ERROR to the *Municipal Court* of the City and County of *Milwaukee.*

In May, 1866, the common council of the city of Milwaukee adopted and published an ordinance, "to establish a city slaughter house, and to regulate the management of slaughter houses and packing houses," &c. The first section is as follows: "The comptroller of the city of Milwaukee is hereby authorized and directed to procure from W. G. Benedict & Co., in behalf and in the name of the city, the privilege and right of all city butchers to use the slaughter house of said firm, situated on the Muskego road, in the fourth ward of said city, for the slaughter of animals thereat free of charge to such butchers; and said slaughter house is hereby designated and set apart as the city slaughter house; and it shall not be lawful for any person to keep a slaughter house or yard for the purpose of slaughtering or dressing animals of any kind within or thereabout, or to slaughter or dress any animal in any building or yard within the corporate limits of the city of Milwaukee, except at such city slaughter house, and as in this

ordinance provided; [here follows a penalty by fine for violating the ordinance;] provided, however, that the provisions of this section shall not be construed to apply to packing or slaughter houses now established and used solely for the purpose of slaughtering and packing animals for sale by the barrel or for exportation." The other sections regulate the manner of constructing all packing houses and slaughtering houses, the mode of disposing of the blood and offal, &c.; prohibit the slaughtering for sale of diseased animals, and the selling of the meat of such animals; and provide for the appointment of an inspector of slaughter houses and markets, defining his duties, &c.

The action below was for an alleged violation by *Gross* of the first section of the ordinance. On the trial, the court refused to permit said ordinance to be read in evidence, on the ground that it was "unreasonable, in restraint of trade, and void," and rendered a judgment dismissing the complaint, &c.; to reverse which the city sued out a writ of error. The defendant moved to dismiss the writ.

*Brown & Pratt,* for the motion, cited sec. 8, Art. I of the constitution of Wisconsin, which declares that "no person for the same offense shall be put twice in jeopardy of punishment;" and argued that the defendant was either guilty of an *offense,* or he was not liable at all; and that whatever form the prosecution may assume, and whatever may be the punishment, there can be, except at defendant's instance, no second trial. Again, the powers of a corporation are either directly given, or implied from the law. In cases which have the form of civil actions, the power to sue out a writ of error is definitely given. But the charter authorizes the city to pass ordinances and prosecute for violations of them before the municipal court, without giving the right to sue out a writ of error. If it seeks to derive this right from the law governing criminal cases, it concedes that the constitutional provision above cited applies.

*Jas. G. Jenkins, contra,* argued that a criminal action is one

"prosecuted by the people of the state as a party," and "every other is a civil action." R. S., ch. 122, secs. 5, 6. He also argued from various provisions in the city charter and in the act to establish a code of procedure for the police court of Milwaukee (Laws of 1853, ch. 35), continued in force by the act establishing the municipal court (Pr. Laws of 1859, ch. 199, sec. 19), that an action for the recovery of a penalty for violating a city ordinance is not a criminal action; and as to plaintiff's right to a writ of error in such a case, cited *Mayor &c. of Rochester v. Rood,* Hill & Denio Sup., 146 ; *Bush v. Seabury,* 8 Johns., 418 ; *Village of Buffalo v. Webster,* 10 Wend., 99 ; *Paige v. Fazackerly,* 36 Barb., 392 ; *Mayor &c. of St. Louis v. Hempstead,* 4 Mo., 242 ; *St. Paul v. Laidler,* 2 Minn., 190.

The motion was denied; and the cause was argued on the merits.

*Jas G. Jenkins,* for plaintiff in error.

*Brown & Pratt,* for defendant in error, contended, 1. That the language of the charter (sec. 3, ch. 4), which empowers the common council to direct " the location and management of slaughter houses," &c., while it authorizes that body to select any part of the city large enough to accommodate all of the butchers, and make all proper and reasonable sanitary rules for the regulation of the slaughter houses, after located, does not authorize it to select a spot so small as to deprive a part of the butchers of a chance for a slaughter house; nor does it authorize a prohibition of slaughter houses, nor the removal or destruction of those already established. The powers of such corporations are to be construed strictly. *Dunham v. Trustees of Rochester,* 5 Cow., 462 ; *Mayor of Rochester v. Rood,* H. & D. Supp., 146. This express provision excludes all implied powers. *Mayor of N. Y. v. Ordrenan,* 12 Johns., 122. Counsel further argued that in regard to other subjects mentioned in the charter, the council is expressly empowered to *remove, prohibit* or *prevent;* and the omission of these words in sec. 3, ch

4, shows that the power to prohibit, remove or destroy was not intended to be granted thereby.   2. Sec. 1 of the ordinance excepts from its provisions certain slaughter and packing houses.    Under the power to direct the "location of slaughter houses," the council may prescribe the limits within which slaughtering may be done, but those limits must apply equally to all.   3. The ordinance is in restraint of trade.   It prohibits butchering at any slaughter house in the city except one. Whatever may be the necessities of trade, however large the demand, the whole business must be limited to that one.   It is to be presumed that establishments of that kind are not more numerous than the necessities of business require.   It has been contended that what is reasonable and what is in restraint of trade, is not a matter to be proven, but one of which courts will take judicial cognizance.   If this be so, the court must take judicial cognizance of the nature and extent of a business, and what space and accommodation its necessities require. There is a class of cases in England where by-laws and customs are supported on account of their great antiquity, though otherwise they would be held void.   Ang. & A. on Corp., § 235.   On the general subject counsel cited A. & A. on Corp., §§ 335 et seq.; *Mayor of Rochester v. Rood*, H. & D. Supp., 146 ; *Clark, Chamberlain &c. v. Le Cren*, 9 Barn. & Cress., 52–58 ; *Harrison v. Godman*, 1 Burr., 12 ; *London v. Compton*, 7 Dowl. & R.*, 601 ; *Dunham v. Trustees of Rochester*, 5 Cow., 462 ; *Freeholders v. Barber*, 2 Halsted (N. J.), 64 ; *City of St. Paul v. Laidler*, 2 Minn., 190 ; *Com. v. Worcester*, 3 Pick., 462 ; Willcock on Mun. Corp., 145 ; Bacon's Abr., "By-Laws," 545, and cases there cited.   4. The first section of the ordinance is void, because it shows on its face that the city had not then obtained the right to use the slaughter house of Benedict & Co.   5. The ordinance is invalid because it provides for an office and officer not authorized by the charter.   A. & A., § 345 ; *Rex v. Ginever*, 6 Term, 735 ; *Kirk v. Norvill*, 1 id., 118 ; *Goszler v.*

*Georgetown*, 6 Wheat., 597; Willcock on Mun. Corp., § 390. Counsel also argued that the contract entered into between the city and Benedict & Co. was invalid for various reasons.

COLE, J. It appears to us that many of the questions discussed by the counsel by the defendant in error are not fairly before us on this appeal, and therefore need not be considered. On a reference to the record, it will be seen that the ordinance offered in evidence was objected to on the ground that the common council had no power to pass it, and that the ordinance was unreasonable, and in restraint of trade, and void. The municipal court excluded the ordinance, and directed the complaint to be dismissed.

The ordinance is one entitled an ordinance "to establish a city slaughter house, and to regulate the management of slaughtering houses and packing houses in the city of Milwaukee, and to prohibit the sale of diseased meat in said city." The various sections of the ordinance relate to these subjects mentioned in the title, and contain several provisions intended to secure their due observance. Therefore the single question before us is, Had the common council power to pass an ordinance of this character for the location and management of slaughter houses within the city limits? We think it had. Section 3, chap. 4 of the charter declares, that in addition to the power therein vested in the common council, it shall "have full power and authority to make, enact, ordain, establish, publish, enforce, alter, modify, amend and repeal all such ordinances, rules and by-laws for the government and good order of the city, for the suppression of vice, for the prevention of crime and for the benefit of the trade, commerce and health thereof, as they shall deem expedient;" providing that such ordinances and by-laws are not repugnant to the constitution and laws of the United States or of this state. And by the first subdivision of this section, special power was conferred

on the common council, among other things, " to provide for the abatement and removal of all nuisances under the ordinances or at common law ;" and by the fifth subdivision, "to direct the location and management of slaughter houses and markets." These provisions of the charter give the common council ample authority to establish city slaughter houses and regulate the management of the same. It is a very salutary power to confer upon the municipal authorities, and if wisely and properly exercised will contribute greatly to the due preservation of the lives and health of the citizens. Nothing is more common than such sanitary regulations, and it is too obvious to need remark that such regulations are of vital importance in the preservation of the public health and good government of large cities.

It is conceded in argument by the counsel for the defendant, that the charter gives the common council authority to select any part of the city large enough to accommodate all the butchers, and that it might make all proper and reasonable sanitary rules for the management of slaughter houses after located ; but it is said the common council cannot select a spot so small as to deprive a part of the butchers of a chance for a slaughter house, nor prohibit the slaughtering of cattle in places already established. Whether the common council could prohibit slaughter houses altogether within the city limits, is not a question now before us. No such object is aimed at by the ordinance. The ordinance merely prescribes the place where, and the manner in which, the slaughtering must be done ; and we cannot assume that the place is too limited to accommodate all the butchers of the city. The place selected is within the city limits ; and, in the absence of all proof to the contrary, we must presume that the place is a suitable one, affording reasonable facilities for doing all the butchering required to be done. At all events, it seems impossible to say upon the face of the ordinance, that it is unreasonable, or re-

strains in an undue degree a kind of business which, unless properly regulated, may produce most injurious effects upon the public health.

*By the Court.*—The judgment of the municipal court is reversed, and the cause remanded for further proceedings according to law.