LOMBARD VS. JOHN COWHAM.   LOMBARD VS. WM. H. COWHAM.

*(Motion to Dismiss.)*

CONSTITUTIONAL LAW.    *Right to writ of error.    Reasonable conditions may be imposed.*

Chapter 180, Laws of 1872, which requires a party who takes out a writ of error to give a certain bond or make a certain deposit " in order to render such writ of error effectual for any purpose," is a reasonable exercise of the legislative power for the protection of defendants in such writs, and is not a *prohibition of the writ* within the meaning of sec. 21, art. I of our state constitution. COLE, J., dissents.

ERROR to the Circuit Court for *Fond du Lac* County.
*Felker & Weisbrod,* for the motion to dismiss.
*Ed. S. Bragg, contra.*

LYON, J.   In each of these causes a motion has been made to dismiss the writ of error therein, for the reason that the plaintiff in error has failed to give the bond or make the deposit provided for in ch. 180, Laws of 1872, which is amendatory of ch. 96, Laws of 1860, and sec. 26, ch. 139, R. S.   The giving of one of the bonds provided for in the act of 1872, or the making of the deposit therein mentioned, is declared necessary, by the terms of that act, " in order to render the writ of error effectual for any purpose."   The only question to be de

termined is, whether the act is a violation of that provision of the constitution which ordains that "writs of error shall never be prohibited by law." Const., art. I, sec. 21.

It is not reasonable to suppose that it was intended, by this constitutional provision, to prohibit the legislature from enacting reasonable laws for the protection of defendants in writs of error, even though such laws may, to a certain extent, operate as restrictions upon the issuing of those writs. The act of 1872 introduces no new principle into our jurisprudence, although it may, to some extent, provide for a new application of an old principle. Ever since 1839 we have had upon our statute books enactments requiring certain classes of plaintiffs to give security for costs. Terr. Stats. 1839, p. 403; R. S. 1849, ch. 130, sec. 32, and ch. 92, sec. 2; R. S. 1858, ch. 133, sec. 85. Such laws are for the protection of defendants who may prevail in the actions which they have been compelled to defend. All that the act of 1872 does is to extend the same protection to any defendant in a writ of error in a civil action.

Had the framers of the constitution intended to prohibit the legislature from extending such protection to defendants in writs of error, it is believed they would have employed very different language to express that intent; such as, "writs of error shall not be restricted in any manner;" or, "conditions precedent to the issuing of writs of error shall never be created;" or equivalent expressions.

General declarations of individual rights, contained in the constitution, must necessarily be reasonably interpreted with reference to the conditions existing when that instrument was framed and adopted. We must not shut our eyes to all those conditions, and give to those declarations, in all cases, the broadest interpretation of which the language is susceptible. Were we to do so, we might be compelled to hold that, because the right of trial by jury is declared to be inviolate, it is unconstitutional to award a compulsory reference in any case, or to require a plaintiff to advance a jury fee; or that, because it

is declared that every person should obtain justice freely and without being obliged to purchase it, — promptly and without delay,— it is unconstitutional to require the payment of costs under any circumstances, or to grant a continuance. Other illustrations might be given to show that no such latitudinarian rule of construction can properly be applied to such declarations of individual rights; but those already given are quite sufficient for the purpose.

Our conclusion is, that the act of 1872 is a reasonable exercise of legislative power for the protection of defendants in writs of error, and is not, in any correct sense, a prohibition of the writ.

The motions must therefore be granted, with five dollars costs, and clerk's fees upon each motion, but subject to the right of the plaintiff in error (under a stipulation with the defendant in error, stated and admitted on the argument) to file the required bond, or make the required deposit, with the clerk of the court below or of this court, within thirty days.

*By the Court.*— So ordered.

COLE, J., dissents.