BUTTRICK, Plaintiff in error, vs. ROY, Defendant in error.

*August 31 — September 18, 1888.*

*(1) Writ of error, when lies: Compulsory reference. (2) Promissory note: Payment: Interest.*

1. A writ of error lies after judgment in any action at law in a court of record, although the court had power to award, and did award, a compulsory reference. *Crocker v. State*, 60 Wis. 553, explained and distinguished.

2. Plaintiff agreed, at the time the note in suit became due, not to insist on payment then if he could get money and goods from defendant's store when he wanted them. An account was then opened between the parties, and continued for about three years, when it was closed. *Held*, that the accounts and demands should be adjusted by striking a balance between the accounts at the time they were closed, and applying it as of that date as a payment on the note.

APPEAL from the Circuit Court for *Taylor* County.

*Roy*, the defendant in error, who was the plaintiff below, brought this action to recover (1) the amount due on a promissory note given by *Buttrick*, the plaintiff in error, to him for $923.80, dated December 1, 1881, and payable April 1, 1882; and (2) on an account against *Buttrick* for labor and services performed for, and money paid for the use and benefit of, *Buttrick*. The answer of *Buttrick* alleges payment, both of the note and the account, and contains a counterclaim on an account for money paid and for merchandise sold and delivered to *Roy*.

The issues made by the pleadings were referred to a referee, to hear, try, and determine the same. The cause was tried before the referee, who thereafter filed his report, substantially as follows: He allowed *Roy* the amount of the note, and interest thereon from the time the same became due to the commencement of the action, and on his account against *Buttrick* he allowed *Roy* $929.87. He also allowed *Buttrick*, on his counterclaim, $1,853.07. The referee found

that *Roy* was entitled to judgment for $263.56 (that being the excess of his demand over that of *Buttrick*), with interest thereon to the date of report, June 18, 1887, being $12.95; amounting in all to $276.51.

The cause came before the circuit court on a motion by the plaintiff below to confirm the report of the referee, and on a motion of the defendant to modify the same. The court granted the motion of the plaintiff, and confirmed the report without modification. Judgment was thereupon entered for the plaintiff, *Roy*, for the amount found due him by the referee. To reverse such judgment *Buttrick* has sued out a writ of error from this court.

*J. B. Hagarty*, for the plaintiff in error.

For the defendant in error there was a brief by *Schweppe & Foster*, and oral argument by *E. H. Schweppe*.

LYON, J. I. The defendant in error moved at the hearing to dismiss the writ of error on the ground that the writ does not lie in a case in which, as in this case, the court has power to award, and does award, a compulsory reference. The point is not well taken, and the motion must be denied.

A writ of error lies after judgment in any action at law in a court of record, to correct some supposed mistake in the proceedings or judgment of the court. Burrill, Law Dict. tit. ERROR; 3 Bl. Comm. 406; 2 Tidd, Pr. 1134, 1141; Archb. Pr. 325; Co. Litt. 288b. The right to a writ of error is secured by the constitution. Art. I, sec. 21. This provision renders the writ inviolate, as it existed when the constitution was adopted; and at that time its scope and functions were as above stated. The statute on that subject (R. S. sec. 3043) does not attempt to restrict the functions of the writ. There is some language in the opinion in *Crocker v. State*, 60 Wis. 553, apparently giving a restrictive effect to the statute, upon which language counsel for defendant in error has predicated an argument in support of his motion.

It was not intended in that case so to hold, but only to assert the rule that the writ can be brought only on a judgment given in a court of record proceeding according to the course of common law. Archb. Pr. 325. The order sought to be reviewed in that case was the result of an inquisition of lunacy. In such a case it is clear that no writ of error will lie, inasmuch as such order was not in a proceeding according to the course of common law. This court so held.

II. The case will now be considered on the merits. The accuracy of *Roy's* account against *Buttrick*, allowed by the referee, is not questioned. The amount allowed *Buttrick* on his counterclaim covers all the items of the account which can properly be allowed under the proofs, except an item of $23 for a watch, which it is admitted should have been allowed in the account. The principal controversy in the case relates to interest on the note in suit. The referee and the court allowed interest thereon from the time it became due to the commencement of the action. No interest was allowed on either account. This ruling would be correct if none of *Buttrick's* account was applicable as a payment upon the note; but we think, under the testimony, some of it was so applicable. *Buttrick* testified that when the note became due he told *Roy* that it was not convenient to pay it at that time, and *Roy* replied that " he did not need the money, and if he could get money when he wanted it, and goods from the store when he wanted them, he would not insist on payment then." So far as we have discovered, this testimony is not contradicted, and we think it fairly proves that at least some portion of the money paid and goods sold and delivered by *Buttrick* to *Roy* should operate as payment on the note. The accounts of the respective parties commenced in November, 1881, and both accounts closed August 9, 1883. We think that the fair and equitable basis upon which the accounts and demands of the parties should be adjusted is to strike a

balance between their accounts, and apply, as of the date last mentioned, such balance as a payment upon the note in suit.

After the accounts of the parties were closed, and before the commencement of this action, *Buttrick* became the owner of a valid judgment against *Roy* recovered by one Frair, May 2, 1885, for $26.15. The amount of this judgment and the interest thereon was properly allowed *Buttrick* by the referee and the court. The amount allowed on *Buttrick's* account (exclusive of the Frair judgment) was $1,853.07, to which should be added $23 for the watch, making $1,876.07. The amount allowed on *Roy's* account was $927.89. The difference between the two accounts is $946.18 in favor of *Buttrick*. This amount should be allowed as a payment on the note in suit as of August 9, 1883. Stated upon the foregoing basis, the account will stand as follows:

| | |
|---|---:|
| Note dated December 1, 1881, payable April 1, 1882.......... | $923 80 |
| Interest from April 1, 1882, to August 9, 1883............... | 87 84 |
| | $1,011 64 |
| Deduct balance of accounts in favor of Buttrick............ | 946 18 |
| Balance due on note August 9, 1883....................... | $65 46 |
| Interest on balance to May 2, 1885, being date of Frair's judgment...................................................... | 7 91 |
| | $73 37 |
| Deduct Frair's judgment................................... | 26 15 |
| Due on note May 2, 1885.................................. | $47 22 |

Add interest thereon from May 2, 1885, to date of judgment herein.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to render judgment for the defendant in error in accordance with this opinion.