City of Milwaukee vs. Simons and another.

CITY OF MILWAUKEE, Plaintiff in error, vs. SIMONS and another, Defendants in error.

*May 26 — June 19, 1896.*

*Milwaukee police court: Writ of error: Jurisdiction.*

Under ch. 6, Laws of 1895 (creating the police court of the city of Milwaukee, making it a court of record, and, by sec. 16, vesting appellate jurisdiction to review its judgments in the municipal court of the city and county of Milwaukee), judgments rendered in said police court cannot be brought directly to the supreme court for review by appeal or writ of error. *Milwaukee v. Gross,* 21 Wis. 241, distinguished.

ERROR to review a judgment of the police court of the city of Milwaukee: NEELE B. NEELEN, Judge. *Writ dismissed.*

Action brought in the police court of the city of *Milwaukee* to recover a penalty for violation of a city ordinance.

The defendants were acquitted by the verdict of a jury. The plaintiff moved the court to set aside the verdict, which was denied. Judgment was entered discharging the defendants, and the writ of error was sued out of this court to bring such judgment and the proceedings of said police court to this court for review.

For the plaintiff in error the cause was submitted on the brief of *C. H. Hamilton*, city attorney, and *Ernest Bruncken*, assistant city attorney.

MARSHALL, J. The police court of the city of *Milwaukee*, in which the proceedings were had and judgment entered which the city seeks to have reviewed on writ of error, was created by ch. 6, Laws of 1895, and made a court of record. Appellate jurisdiction to review all judgments entered therein is vested in the municipal court for the city and county of Milwaukee by sec. 16, which is as follows: "Every person convicted before said police court may appeal from the sentence or judgment against him to the municipal court of said city and county of Milwaukee, within the same time and manner as is now provided by law for appeals in criminal cases from justices of the peace of the county of Milwaukee. Said municipal court is empowered to hear, try and determine such appeals, and all provisions of law relating to appeals in criminal cases from justices' courts, and the trial and determination thereof, shall apply to appeals from said police court to the municipal court."

It is obvious, from the language of this section, that the police court of the city of *Milwaukee*, in respect to the appellate jurisdiction to review its judgments, is the same as a justice's court. Such being the case, we fail to see any authority whatever to sustain the issuance of a writ of error to bring a judgment rendered therein directly here for review. We apprehend the plaintiff in error relies upon *Milwaukee v. Gross*, 21 Wis. 241. The judgment in that case was rendered

City of Milwaukee vs. Simons and another.

in the municipal court for Milwaukee in an action to recover a penalty for the violation of a city ordinance, the same as in this case; but by reference to the act creating such court (ch. 199, P. & L. Laws of 1859), it will be observed that the jurisdiction to review judgments rendered therein was directly conferred upon the supreme court by sec. 15, which is as follows: "The judgments of the municipal court may be examined and reviewed by the supreme court in the same manner and to like extent as judgments of the circuit courts of this state." Where the appellate jurisdiction is so vested, the judgments may be reviewed on writ of error. *Raynor v. State,* 62 Wis. 289. Says Mr. Justice TAYLOR: "The act creating a municipal court for Milwaukee and defining its powers confines review of its judgments to this court. Therefore, this court has a right to review such judgments on a writ of error without any intermediate appeal to the circuit court. We see no reason for holding that the writ of error was not properly issued in this case. The statute expressly gives the right to review any judgment of that court upon writ of error from this court."

From the foregoing it is obvious that judgments rendered in the police court for the city of *Milwaukee* cannot be taken directly to this court for review on appeal or writ of error. Hence, the writ of error herein was improvidently granted, and must be dismissed.

*By the Court.*— The writ of error is dismissed.