Bumbalek and another vs. Peehl and another.

====================

BUMBALEK and another, Plaintiffs in error, vs. PEEHL and another, Defendants in error.

*December 18, 1896 — February 2, 1897.*

*Writ of error: Limitation of appeals.*

The provision of ch. 215, Laws of 1895, prohibiting appeals to the supreme court from judgments in which the amount involved, exclusive of costs, is less than $100, unless the judge of the trial court shall certify that certain material questions, therein specified, are involved, does not apply to writs of error.

ERROR to review a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge.  *Affirmed.*

The case is sufficiently stated in the opinion.

*F. J. Lenicheck,* for the plaintiffs in error.

For the defendants in error the case was submitted on the brief of *Sylvester, Scheiber, Riley & Orth.*

CASSODAY, C. J.  This action is to recover for an alleged instalment of rent, commenced in justice's court, and from the judgment rendered therein the case was taken by appeal to the superior court of Milwaukee county, where the case was retried.  At the close of the plaintiffs' testimony the court directed a verdict in favor of *Peehl* and wife for $43.15, and to reverse the judgment entered thereon the *Bumbaleks* sued out this writ of error.

The defendants in error have moved to dismiss the writ, as being prohibited by ch. 215, Laws of 1895.  Since that

Bumbalek and another vs. Peehl and another.

chapter only relates to appeals, and not to writs of error, it is manifest that the case at bar does not come within its prohibition. True, the word appeal is sometimes used broadly to denote the general nature of appellate jurisdiction, and in that sense may include a writ of error, and so a writ of error may, in such broad sense, include an appeal. But the one had its origin in the civil law, and the other in the common law. *Wiscart v. Dauchy*, 3 Dall. 327. The distinction between them has generally been maintained in practice, and is expressly recognized by our statutes.

Whether a writ of error will lie in a case like this was not argued by counsel, and is not here determined. While our constitution prevents the legislature from prohibiting writs of error, yet that provision did not enlarge the scope of the writ as it existed when the constitution was adopted, nor prevent the legislature from making reasonable regulations in respect to its use. Const. Wis. art. I, sec. 21; *Jackson v. State*, 81 Wis. 131, and cases there cited; *Smith v. Packard*, 12 Wis. 371; *Lombard v. Cowham*, 34 Wis. 300; *Crocker v. State*, 60 Wis. 553, and cases there cited; *State ex rel. Larkin v. Ryan*, 70 Wis. 683. For the purposes of this case, we assume that the writ of error properly brought the record before us for consideration, and hence deny the motion to dismiss the writ.

The bill of exceptions is not certified to contain all the evidence. It does state that the defendants offered no evidence. The only exception in the record is to the direction of a verdict in favor of the plaintiffs. Upon this record we cannot say that such direction was error. On the other hand, such direction of the verdict seems to have been correct.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.