O'DONNELL, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 15, 1905—January 9, 1906.*

*Constitutional law: Writs of error: Regulation: Limitation: Estoppel: Criminal law.*

1. Although the state constitution (art. I, sec. 21) provides that writs of error shall never be prohibited by law, reasonable regulation of such writs is permissible, and the statute (secs. 3039, 4724, Stats. 1898) limiting to two years the time within which a writ of error may be issued is a reasonable regulation and is valid.

2. *It may be* that fraud or other conduct directly inducing one to delay suit may estop the defendant from pleading the statute of limitations.

3. Even if the attorney general, as claimed, procured the dismissal of a writ of error for want of prosecution after having led counsel for the plaintiff in error to believe that he would not do so, yet the two years within which a writ might issue having then expired, and the plaintiff in error having had thereafter full opportunity to seek redress as to such dismissal and having neglected to do so while the power of the appellate court to change its judgment remained, the state is not estopped to plead the statute of limitations to a new writ of error issued to review the same judgment of the court below.

ERROR to review a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Dismissed.*

The plaintiff in error, having been convicted of murder in the first degree by the circuit court for Eau Claire county on January 17, 1899, on February 3, 1905, procured to be issued a writ of error from this court to review said judgment, in response to which a record was filed in this court July 6, 1905. On December 12, 1905, before the filing of any briefs, the attorney general, on notice, moved this court to dismiss said writ, on the ground that, when issued, more than two years had elapsed since the rendition of the judgment in the circuit court and the writ was barred by secs. 3039, 4724, Stats. 1898; also upon the ground that a previous writ of error to review the same judgment had been issued and return thereto filed in this court January 7, 1901, which on June 5, 1903, had been dismissed for want of prosecution, which dismissal was refused to be vacated on December 8, 1903, on application of the plaintiff in error, whereby the present writ is claimed to be barred by the provisions of sec. 3040, Stats. 1898. An attack is now made by the plaintiff in error upon the dismissal of the writ, on the ground that there was no want of prosecution; that the preparation and calling of the case for argument was delayed for the accommodation of the attorney general, and on verbal agreement for continuance; and that the motion to dismiss was made by one of his assistants through mistake and without knowledge of the facts.

*H. B. Walmsley,* for the plaintiff in error.    [No brief on file.]

The *Attorney General,* for the defendant in error.    [No brief on file.]

DODGE, J.    The first ground of dismissal is the statute of limitations (sec. 3039, Stats. 1898), rendered applicable to writs of error in criminal cases by sec. 4724: "The time within which a writ of error may be issued . . . is limited to

two years from the date of the entry of" the judgment to be reviewed. Confessedly, if this statute is to be obeyed by the court, the present writ was barred long before the date of application therefor. There has been no waiver of the statute; for, before the joining of any issue upon the writ, the defendant in error has, by formal motion, raised the objection. *Brooks v. Norris,* 11 How. 204.

The principal contention of the plaintiff in error, however, is that, the constitution (art. I, sec. 21) providing that writs of error shall never be prohibited by law, the statute referred to is unconstitutional. This view has, however, already been repudiated by this court by holding that the constitution which forbids the prohibition of the writ does not exclude the legislature from reasonable regulation thereof. *Smith v. Packard,* 12 Wis. 371; *Lombard v. Cowham,* 34 Wis. 300; *Bumbalek v. Peehl,* 95 Wis. 127, 70 N. W. 71. The first of these decisions goes directly to the point that the present statute of limitations is no more than reasonable regulation and is valid, and we see no reason to question or reexamine the grounds for that conclusion. The placing of limitation by time upon rights, however fully secured by constitutions, was an established legislative function when our constitution was adopted, and has been recognized as legitimate ever since, not only with reference to the relief obtainable by writ of error, but to other rights of property and remedies granted or guaranteed by the constitution. We are constrained to hold that the action of the legislature in placing a two-year limitation upon the issue of such writ is valid and must be obeyed.

Plaintiff in error further urges, however, that statutes of limitation do not go to the jurisdiction of the court, and may be denied effect when the delay has been induced by fraud or mistake. Counsel's statement of the rule is somewhat broader than is warranted by any authorities brought to our notice. It is perhaps true, however, that although a statute of

limitations is recognized as not merely withdrawing the remedy, but absolutely destroying the right of action, nevertheless a party may, by conduct, so induce the other to forego action during the limitation period that he will be held estopped to set up the bar of the statute; thus in effect creating a new cause of action entertainable by courts in place of that which, by force of the statute, has been put out of existence. *Ludington v. Patton,* 111 Wis. 208, 234, 257, 86 N. W. 571; *Frels v. Little Black F. M. Ins. Co.* 120 Wis. 590, 597, 98 N. W. 522; *Smith v. C., M. & St. P. R. Co.* 124 Wis. 120, 102 N. W. 336; *Holloway v. Appelget,* 55 N. J. Eq. 583, 40 Atl. 27; *Railway P. & F. C. Mut. A. & B. Asso. v. Loomis,* 142 Ill. 560, 32 N. E. 424. We know of no case where mere mistake has been held sufficient. The contrary is stated in *Moore v. Moore,* 103 Ga. 517, 526, 30 S. E. 535. Conceding that fraud or other conduct directly inducing one to delay suit may estop the defendant from pleading the statute of limitations, and passing the question how far the attorney general is empowered to waive, or by his conduct destroy, rights of the state, we still can discover nothing in the record or the affidavits filed which can render that doctrine applicable. The only act complained of is moving this court in June, 1903, to dismiss the then pending writ, though the attorney general had, as alleged, led counsel for plaintiff in error to believe that he would not. This had no effect on plaintiff's failure to sue out the present writ within two years from the conviction, for the two years had then long expired. The effect of the attorney general's acts, if in all respects as counsel claims, therefore was to induce a judgment of this court which perhaps ought not to have been rendered, and to induce plaintiff in error to forego any steps to prevent such judgment. The latter had full opportunity to seek redress against any wrong done him by application to this court so long as jurisdiction remained to change its judgment. He, however,

waited until the time limited by statutes for motion for re-hearing and until the term of court had both expired and with them the power of the court over its judgment.

While, if within our power in accordance with the rules of law we could accord the plaintiff in error a hearing in review of his conviction, we would desire so to do, in which desire the attorney general joins, we cannot discover any means of accomplishing that result without defiance of valid legislative prohibition embodied in secs. 3039, 4724, Stats. 1898. It is therefore unnecessary to consider whether dismissal of the former writ would also preclude consideration of this one.

*By the Court.*—Writ of error dismissed.