ÆTNA ACCIDENT & LIABILITY COMPANY, Appellant, vs.
LYMAN, Respondent.

*October 28—December 9, 1913.*

*Appeal and error: Constitutional law: What courts may issue writs
of error.*

1. A writ of error from the circuit court for Milwaukee county
   will not lie to review a judgment of the civil court of said
   county.
2. Sec. 21, art. I, Const., providing that "writs of error shall never
   be prohibited by law," was intended merely to preserve the
   right to issue the writ as it existed in the territory of Wis-
   consin when the constitution was adopted, and hence continues
   such right in the supreme court only.
3. Neither the grant of appellate jurisdiction to the circuit courts
   nor the grant of power to issue certain specified writs "and
   all other writs necessary to carry into effect their orders,
   judgments and decrees, and give them a general control over
   inferior courts and jurisdictions" (sec. 8, art. VII, Const.),
   confers the right to issue a writ of error.

APPEAL from an order of the circuit court for Milwaukee
county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The plaintiff in error petitioned the circuit court for Mil-
waukee county for a writ of error. The petition showed that
on the 18th day of December, 1911, a judgment was entered
in the civil court of Milwaukee county in the city of Milwau-
kee against the petitioner in an action in which *Thomas T.
Lyman* was plaintiff and the petitioner herein defendant, in
which it was adjudged that the plaintiff recover of the peti-
tioner $366.85 damages and $22.23 costs; that the judgment
was rendered in an action at law; that the court in which said
judgment was rendered committed error to the prejudice of
the petitioner, setting forth the error and praying that a writ
of error might issue to the civil court of Milwaukee county
for the correction of the errors complained of. A writ of
error was issued accordingly, and afterwards on motion of

the defendant in error the writ was dismissed.    The court made the following order:

"It is ordered that the writ of error heretofore issued out of this court and now pending, sued out by the *Ætna Accident & Liability Company*, plaintiff in error, on the 18th day of October, 1912, against the defendant above named, *Thomas T. Lyman*, for the purpose of reviewing a judgment of the civil court of Milwaukee county rendered in an action wherein said *Thomas T. Lyman* was plaintiff and *Ætna Accident & Liability Company* was defendant, be and the same hereby is dismissed for want of jurisdiction to issue a writ of error to the civil court of Milwaukee county; and that the defendant in error have $10, the costs of this motion."

The plaintiff in error appealed from this order.

For the appellant there were briefs by *Quarles, Spence & Quarles*, attorneys, and *Irving A. Fish*, of counsel, and oral argument by *Mr. Fish*.

For the respondent there was a brief by *Lenicheck, Robinson, Fairchild & Boesel*, and oral argument by *Nathaniel W. Robinson*.

KERWIN, J.    Conceding that the civil court of Milwaukee county is a court of record with general limited jurisdiction, we approach the main question here, namely, whether a writ of error from the circuit court for Milwaukee county will lie to review a judgment of the civil court.

While the civil court within its jurisdiction proceeds according to the course of the common law and a jury trial may be had therein, a new trial may be awarded in the circuit court on appeal from the civil court in a proper case. The civil court is inferior to the circuit court and its proceedings may be reviewed in the circuit court on appeal. Ch. 549, Laws of 1909; *Eder v. Grifka*, 149 Wis. 606, 136 N. W. 154; *Milwaukee v. Simons*, 93 Wis. 576, 67 N. W. 922.

It is contended by appellant that the judgments of the civil court in actions at law are such as were under the territorial

organization reviewed by writ of error, and therefore it is argued that under our constitution and statutes a writ of error will lie from the circuit court for Milwaukee county to the civil court of said county, the circuit court being the only court which has appellate jurisdiction over the civil court.

The argument of counsel for appellant is able and ingenious, and doubtless is as strong a showing as can be made in support of their position. We are however of opinion that the contention cannot be sustained. We are cited by appellant to some authorities in England showing the condition of the law there before the organization of our territory. But we are not bound by the law of England except in so far as we have adopted it as a part of our judicial system. Sec. 13, art. XIV, Const.; *Webster v. Morris,* 66 Wis. 366, 28 N. W. 353.

Sec. 21, art. I, of the constitution of Wisconsin provides that "writs of error shall never be prohibited by law." This provision manifestly was intended to preserve the right to issue the writ as it existed in the territory of Wisconsin when the constitution was adopted. *Jackson v. State,* 92 Wis. 422, 66 N. W. 393; *Crocker v. State,* 60 Wis. 553, 19 N. W. 435; *Bumbalek v. Peehl,* 95 Wis. 127, 70 N. W. 71; *Buttrick v. Roy,* 72 Wis. 164, 39 N. W. 345. In *Jackson v. State, supra,* this court said:

"By the organic law of the territory at the time of the adoption of the state constitution, a writ of error was allowed only from final judgments or orders in the nature of final judgments; and this right was preserved and secured by art. I, sec. 21, of the constitution, which provides as follows: 'Writs of error shall never be prohibited by law.' As said by Mr. Justice LYON in *Buttrick v. Roy,* 72 Wis. 164, 39 N. W. 345, in effect, this constitutional provision renders the writ inviolate, as it existed when the constitution was adopted. . . . Such is the measure of the constitutional right to the writ, and sec. 3043 is merely declaratory of the constitutional right, neither extending nor attempting to restrict it."

And in *Bumbalek v. Peehl, supra,* it is said:

"While our constitution prevents the legislature from pro-
hibiting writs of error, yet that provision did not enlarge the
scope of the writ as it existed when the constitution was
adopted, nor prevent the legislature from making reasonable
regulations in respect to its use."

See, also, *Gaston v. Babcock,* 6 Wis. 503; *Stilwell v. Kel-
logg,* 14 Wis. 461; *Connecticut Mut. L. Ins. Co. v. Cross,* 18
Wis. 109; *Mead v. Walker,* 17 Wis. 189; *Lombard v. Cow-
ham,* 34 Wis. 300; *O'Donnell v. State,* 126 Wis. 599, 106 N.
W. 18.

In view of the foregoing adjudications in this state it is
necessary to consider what the law was on the subject at the
time the constitution of this state was adopted in order to
determine what writs of error "shall never be prohibited by
law."

The organic law of Wisconsin, passed in 1836, provides
that the judicial power of the territory shall be vested in a
supreme court, district courts, probate courts, and in jus-
tices of the peace; that the supreme court shall consist of a
chief justice and two associate judges; that the district courts
shall be held in each of the three districts by one of the
judges of the supreme court, at such times and places as may
be prescribed by law; that the jurisdiction of the several
courts shall be as limited by law.   Sec. 9.   This section fur-
ther provides that the supreme and district courts, respect-
ively, shall possess chancery as well as common-law jurisdic-
tion, and "writs of error, bills of exception, and appeals in
chancery causes shall be allowed in all cases from the final
decisions of the said district courts to the supreme court,
under such regulations as may be prescribed by law."   It
will be seen that the organic law provides for writs of error
from the supreme court to the district court of the territory
only, unless the legislature of the territory provides other-
wise.

Territorial Laws of 1839, sec. 1, p. 196, fixes the juris-diction of the supreme court of the territory, and provides that "the supreme court of the territory shall have and exer-cise an appellate jurisdiction only, which shall extend to all matters of appeal, error or complaint from the decisions, judgments or decrees of any of the district courts in all mat-ters of law or equity. . . ."

Sec. 2 provides:

"The supreme court shall have power to issue writs of *mandamus, quo warranto,* prohibition, error, *supersedeas, pro-cedendo, certiorari, scire facias,* and all other writs and pro-cess not specially provided for by statute, which may be necessary to enforce the due administration of right and justice throughout the territory."

Sec. 6 prescribes the jurisdiction of the district court and provides:

"The district courts shall have original jurisdiction within their respective districts in all civil actions at law or in equity, and appellate jurisdiction in all cases in their sev-eral districts from the probate courts, and the decisions of justices of the peace, and the judges of said courts shall be conservators of the peace; and the said courts in term time, and the judges thereof in vacation, shall have power to award throughout the territory, returnable in the proper county, writs of injunction, *ne exeat,* and all other writs and process which may be necessary to the due execution of the powers with which they are vested; and the said courts shall respect-ively have power and authority to hear and determine all cases of crimes and misdemeanors of whatever kind, not cog-nizable by a justice of the peace, which may be committed within any county or place within their respective districts."

So it will be seen that no power is conferred upon the dis-trict courts to issue writs of error, such writs not being "necessary" to the "due execution of the powers with which they are vested."

The supreme court and circuit courts established by the

constitution correspond to the supreme and district courts in territorial times in so far as the question of the right to issue the writ of error is concerned, therefore sec. 21, art. I, of the state constitution, which provides that writs of error shall never be prohibited by law, continues the right to issue the writ in the supreme court only. At the time of the adoption of the constitution the judicial method by which the supreme court reviewed judgments in actions at law was by writ of error, and the only method by which the district court reviewed judgments of inferior courts was by appeal. So it seems plain that the framers of the constitution referred by sec. 21, art. I, to writs issued from the supreme court.

Counsel for appellant contends that, appellate power being conferred by the constitution on circuit courts, they have by virtue of such power authority to issue writs of error, and insists that sec. 8, art. VII, includes the power to issue writs of error, and relies upon *Milwaukee v. Simons,* 93 Wis. 576, 67 N. W. 922, where it is said that "where the appellate jurisdiction is so vested the judgment may be reviewed on writ of error," and *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 515, where the court said: " The framers of the constitution appear to have well understood that, with appellate jurisdiction, the court took all common-law writs applicable to it." It will be observed, however, that in these cases the court was considering the appellate jurisdiction of the supreme court.

It is quite significant that the constitution does not in express terms grant power to the circuit court to issue a writ of error. Sec. 8, art. VII, provides:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and de-

crees, and give them a general control over inferior courts and jurisdictions."

The writ of error is not mentioned in the grant of power to the circuit courts, while other common-law writs are. "All other writs necessary to carry into effect their orders, judgments and decrees," obviously does not include writs of error. The grant of appellate jurisdiction to the circuit courts does not of itself grant the right to issue a writ of error. *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107; *State ex rel. McGovern v. Williams,* 136 Wis. 1, 116 N. W. 225.

In Michigan, under constitutional provisions similar to ours on the subject, it has been held that circuit courts cannot issue writs of error to inferior courts. Const. Mich. art. VI; Compiled Laws Mich. 1897, p. 226; *Swift v. Wayne Circuit Judges,* 64 Mich. 479, 31 N. W. 434.

In *Teller v. Wetherell,* 6 Mich. 46, at page 48 the court said: "As to the jurisdiction of the circuit court. The constitution and statutes defining and limiting its jurisdiction do not give it power in any case to issue a writ of error, and without this power a writ of error *coram vobis,* issued by that court, would be void. 20 Johns. 22; 14 id. 422."

Counsel for appellant also cites us to the practice in New York at the time of the adoption of our constitution to the effect that writs of error were issued by the supreme court of New York to inferior courts. But, as pointed out by the learned counsel for respondent in their brief, the supreme court of New York is what was formerly the supreme court of the colony of New York, and the first constitution of New York, adopted in 1777, did not prescribe the powers of the supreme court but recognized it with its colonial powers. *Kanouse v. Martin,* 3 Sandf. 653; Const. N. Y. 1777, secs. 35, 41; Const. N. Y. 1822, art. V, sec. 4; Const. N. Y. 1846, art. VI, sec. 7.

Counsel for appellant says that in *Second Ward Bank v. Upman,* 14 Wis. 596, the right of the circuit court to use the writ of error in a proper case was conceded by all. We do not so understand the decision. On the part of the appellant it was contended that the county court of Milwaukee county had power to issue the writ of error *coram nobis;* while on the part of the respondent it was insisted that the writ of error *coram nobis* or *coram vobis* does not lie in this state. The point was left undecided.

So far as we are advised, the writ of error to remove cases from inferior courts to the circuit court for review has never been used in this state although frequent opportunities have arisen for the use of the writ. This would seem to indicate that the bar of the state has not considered that the circuit courts have such power.

The legislature established the civil court, inferior to the circuit court, and provided for an appeal to the circuit court, and review therein, in substantially the same manner as judgments of justices' courts are reviewed. *Fred Miller B. Co. v. Milwaukee,* 150 Wis. 336, 136 N. W. 157; *Milwaukee v. Simons,* 93 Wis. 576, 67 N. W. 922.

The judgment of the circuit court on appeal from the civil court becomes the same as if originally entered in the circuit court and "shall thereupon become, for all purposes, the judgment of said circuit court." Hence it could be reviewed on writ of error by the supreme court. Ch. 549, Laws of 1909.

We are convinced that the circuit court has no power to issue the writ, therefore the order dismissing the writ was right.

*By the Court.*—The order appealed from is affirmed.

MARSHALL, J. (*concurring*). This case seems to be a simple one. The vital question is plainly answered by familiar decisions of this court and of the supreme court of Michigan, by sixty years and more of practical construction

and by the very language of the constitutional grant of power to circuit courts. Therefore I am moved to make an effort to eliminate that which seems unnecessary and may be diverting and confusing, and point out the conclusive reasons upon which I understand the decision here rests.

*Jackson v. State,* 92 Wis. 422, 66 N. W. 393; *Buttrick v. Roy,* 72 Wis. 164, 39 N. W. 345, and similar cases are cited, holding that the scope of the writ of error, denial of which was prohibited by the constitution, is the same as at common law.

Why trouble ourselves about whether territorial courts which had trial jurisdiction, somewhat similar to that of our circuit courts, had authority to issue writs of error? It is the prohibition of the writ which the constitution deals with, not prohibition as to any particular court. The cited cases deal with the scope of the writ, of which there is no question here, and concern only the writ as issued by this court. So, much discussion in the briefs of counsel and in the main opinion might well have been omitted. It rather tends to divert and confuse than enlighten.

It is said the language granting authority to circuit courts to issue writs does not mention the one in question. That is rather misleading without a companion suggestion that there is the same omission in the grant to this court, though power of the latter to issue such writs is unquestioned. It seems evident that the omission, by itself, has no significance. The general language, common to both grants, is appropriate to exclude or include writs of error, according to the function of the grant. Eliminating the environment of the two unimportant matters stated, this case comes down to a very narrow compass.

The constitutional provision that the writ of error shall not be prohibited, is a limitation on legislative power, and no infraction of it is involved here.

Can the writ of error be issued by any other court than

this,—or even from this in case of the right of appeal existing,—to secure a retrial or other review? is a different question.     In respect to the major part of the question suggested, from an original standpoint, there might be some uncertainty; but the circumstance of our judicial system having been in existence upwards of sixty years without the writ of error having been considered an instrumentality of circuit courts, may well be taken, as conclusive in the negative, by practical construction, and that the constitutional prohibition refers to use by this court and legislation to prevent it.

Since the grant to this court, by necessary implication, as has always been held, includes the right to use the writ of error in its ancient field, it must be seen that it was such power the prohibition was designed to guard.     As the grant of power to the circuit court was evidently intended to be comprehensive, including all authority to be exercised and excluding all other power, unless the defined measure of it includes, to issue "writs and to hear and determine the same," in the words of the grant to this court, the power does not exist.     The power is thus defined:

"The circuit courts shall have . . . appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same.     They shall also have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and decrees, and to give them a general control over inferior courts and jurisdictions."     Sec. 8, art. VII, Const.

That no instrumentality was given this court by the constitution for exercising appellate jurisdiction was decided in *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 521, and *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 508, 107 N. W. 500, in harmony with early adjudications in Michigan, holding that such jurisdiction must wait upon legislative action giving the right of appeal and providing machinery for its exercise.

In *Sullivan v. Haug,* 82 Mich. 548, 557, 46 N. W. 795, the Michigan court decided, as it had many times before commencing with *People ex rel. Jeschly v. Police Justice,* 7 Mich. 456, that

"When . . . the constitution clothed the circuit courts with appellate jurisdiction, it used that term in its known signification. It referred to such cases as the legislature should provide for appealing and retrial in the circuit court. As there is no writ of appeal, or process by which the circuit court can bring the cause up from the inferior court for a retrial, it is evident that this provision of the constitution contemplated legislative action in order to bring the cause within the jurisdiction of the circuit court to retry."

Now the question of whether the constitutional grant, in general language, to use writs, includes that of error, or any other in aid of appellate jurisdiction, is ruled in the negative by the very language of the grant, by *Att'y Gen. v. Railroad Cos., supra,* and *State ex rel. Milwaukee Med. College v. Chittenden, supra.* The grant to circuit courts was to issue writs "to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions," in other words, as said in *Att'y Gen. v. Railroad Cos.,* as an "appurtenance to their original jurisdiction." The grant to this court was to issue writs "and to hear and determine the same." Note that the grant to the former was for the purpose of exercising original jurisdiction while the grant to the latter is general, no use being mentioned. Thus, in the one, the use is defined and excludes appellate jurisdiction, while in the other it is not defined except by the scope of the writ. In *Att'y Gen. v. Railroad Cos., supra,* speaking of the distinction between the grant to circuit and that to this court, it was said that the grant to the former was for the purpose of affording instrumentalities for exercising original jurisdiction, while the grant to the latter was for jurisdiction. Note the language: "The writs are given to the circuit court as an appurtenance to their general

original jurisdiction, to this court for jurisdiction. Those courts take the writs with unlimited jurisdiction of them, because they have otherwise general original jurisdiction."

To recapitulate, laying aside what might be held, if the question presented were new, that the framers of the constitution did not intend to confer or recognize the existence of power in the circuit courts to use the writ of error, is ruled in the affirmative by more than sixty years of practical construction; that they did not intend to grant to circuit courts power to use the writ of error as an incident of appellate jurisdiction, is ruled by the express words of the constitution limiting the use of writs to that of instrumentalities for the exercise of original jurisdiction, by the previous decisions of this court referred to, declaring and applying the law, and the decisions of the state from which our constitutional provisions on the subject were taken.

WINSLOW, C. J. I concur in the opinion of Mr. JUSTICE MARSHALL.