Ogden, Plaintiff in error, vs. The State, Defendant in error.

*February 5—February 22, 1916.*

*Juvenile courts are not criminal courts: Nature of proceedings: Review: Writ of error or appeal?*

Juvenile courts, under secs. 573—1 to 573—10, Stats. 1915, are not criminal courts; the proceedings therein are special proceedings, civil in their nature, but not according to the course of the common law; and a determination therein that a child is delinquent is not reviewable on writ of error, but only upon an appeal taken in the manner and within the time specified in sub. 3, sec. 573—6.

Error to review an order of the juvenile branch of the municipal court of Winnebago county: A. H. Goss, Judge. *Writ quashed.*

*Grace Ogden* was proceeded against in the juvenile court and found to be a delinquent.

The chief of police of the city of Oshkosh petitioned the court for an inquest concerning *Grace Ogden* on the charge of delinquency. A summons was served on her father and mother to appear in court with her on the 16th day of Sep-

tember, 1914, to answer the petition. The parties duly appeared, and it appearing from the evidence adduced that she was eighteen years of age she was discharged by the court. On October 27th the chief of police filed an affidavit stating that from the records in the register of deeds' office he believed that said alleged delinquent was only seventeen years of age and asked that the judgment of discharge be vacated and a retrial ordered. The court made an order requiring *Grace Ogden* to show cause why this judgment should not be vacated and further proceedings be had. The court overruled all objections to its jurisdiction on account of prejudice and for want of power to vacate its former judgment in the case and ordered that another inquest be had. A second inquest was had before a jury. The jury returned a verdict finding *Grace Ogden* delinquent as charged in the original petition.

On this finding of the jury an order was entered committing *Grace Ogden* to the Wisconsin industrial school for girls at Milwaukee, Wisconsin. She prosecutes this writ of error to obtain reversal of that order.

For the plaintiff in error there was a brief by *B. E. Van Keuren,* attorney, and *M. H. Eaton,* of counsel, and oral argument by *Mr. Van Keuren.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

SIEBECKER, J. The provisions of the statute creating the "juvenile court" and defining its powers and jurisdiction show that it is a special statutory tribunal of limited jurisdiction to deal with "dependent," "neglected," and "delinquent" children. The provisions of the statute prescribe a special procedure for holding inquests in all cases embraced within its jurisdiction and for making orders for the care, custody, and commitment of these children in the various

ways specified in the statute for the promoting of their physical, moral, and mental welfare.    An examination of these statutes discloses that the proceedings provided to accomplish these purposes and objects are special in form and of the nature of those employed in civil actions.    It is manifest from the scheme and object of this legislation that it was not intended in establishing the juvenile court to create a tribunal having the powers and characteristics of courts that exercise the jurisdiction of enforcing the criminal law.    The inquests in cases in this court are not criminal in their substance and nature, but partake of the nature of those denominated in the law civil actions and are controlled by the practice and procedure applicable in civil cases.

By sub. 3, sec. 573—6, Stats. 1915, conferring the right of review on appeal, it is provided that an "appeal may be taken directly to the supreme court within twenty days from date of said finding, determination or judgment, in the same manner as appeals are taken in civil actions in the circuit court from judgments therein."    This is significant as showing that the legislature treated any proceeding in this court as a proceeding in a civil action.    In the instant case this statute was not followed to obtain a review of the case on appeal to this court.    The order of the lower court which it is sought to have reviewed by this court was entered December 31, 1914.    The time for appealing therefrom under the above statute expired within twenty days from December 31, 1914, but nothing was done to effect an appeal within that time.    On July 10, 1915, the plaintiff in error obtained a writ of error from this court to review the order committing her to the industrial school for girls.    The question is presented, Has she the right to prosecute this writ to obtain a review of the case by this court?    It is the established law of this state that a writ of error can only be prosecuted from a final judgment or an award in the nature of a final judgment in proceedings according to the course of the common

law as it existed in the territory of Wisconsin at the time of the adoption of the state constitution. *Crocker v. State,* 60 Wis. 553, 19 N. W. 435; *Buttrick v. Roy,* 72 Wis. 164, 39 N. W. 345; *Jackson v. State,* 92 Wis. 422, 66 N. W. 393; *State ex rel. Andrews v. Oshkosh,* 84 Wis. 548, 54 N. W. 1095; *Ætna A. & L. Co. v. Lyman,* 155 Wis. 135, 144 N. W. 278. We have shown that the juvenile court proceedings are special proceedings for the exercise of the special limited jurisdiction of this court, as conferred by statute, and that its proceedings are not according to the course of the common law. In such cases there is no right of review by writ of error and the parties aggrieved are limited to an appeal as given by statute. The statute grants to such parties an appeal upon the terms specified and limits the time of taking it to twenty days from the entry of the finding, determination, or judgment. This statute was not complied with in this case. Upon the record and proceedings taken the writ of error must be quashed.

*By the Court.*—The writ of error is quashed.